Richard Dwayne TAYLOR, Appellant,

v.

The STATE of Texas, State.

No. 2–81–116–CR.

Court of Appeals of Texas,
Fort Worth.

April 28, 1982.
Discretionary Review Refused
July 21, 1982.

Smith & Douglass and S. Price Smith, Jr., Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of burglary of a building. Punishment, enhanced by a prior conviction, was assessed by the jury at life imprisonment in the Texas Department of Corrections.

We affirm.

On Saturday morning, December 10, 1977, Ronnie Hale arrived at his automobile upholstering business in Wichita Falls to complete a job. The business was not then open to the public. Hale unlocked the door, entered the building, and proceeded to an oil fueled heat stove to light it. As he kneeled at the stove, Hale noticed a movement beside him. Hale turned and saw the appellant, with whom he had been casually acquainted for sometime. At that point, appellant stabbed Hale in the neck with a

blade from a pair of upholstery shears. Appellant, undaunted by Hale's pleas for mercy, continued his assault. After a prolonged struggle, in which he received multiple wounds, Hale escaped from the building and staggered to a used car lot across the street. The owner of the car lot asked Hale what had happened, to which Hale replied that appellant had stabbed him. The victim gave the same response to police officers arriving at the car lot minutes later. Investigation of the upholstery shop revealed that it had been forcibly entered, and the money box of a coke machine in the building had been pried open.

■ We find no merit to appellant's contention that the evidence is insufficient to support his conviction. From the evidence, the jury could properly find that appellant entered the building, not then open to the public, with intent to commit theft, without the effective consent of the owner, Ronnie Hale.

The evidence supports the jury's additional finding at the punishment stage of the trial that, while appellant was in the building, he injured Ronnie Hale by stabbing him with a blade from a pair of upholstery shears. Appellant's fourth ground of error is overruled.

■ By appellant's ground of error number one, he claims that the statute, under which he was prosecuted, is unconstitutional. V.T.C.A., Penal, sec. 30.02, states in pertinent part: "(a) A person commits an offense if, without the effective consent of the owner, he: (1) enters a habitation or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; . . . (d) An offense under this section is a felony of the first degree if . . . (3) any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building."

Appellant contends that subsection (d)(3), which escalates the offense of second degree burglary into a first degree offense if the actor injures anyone during commission of the burglary, is unconstitutionally vague. Specifically, appellant argues that the term "injure" is not defined in the Penal Code, although the terms "bodily injury" and "serious bodily injury" are defined. Therefore, appellant argues, if the statute is intended to address only physical harm or incapacitation to a person, it would couch its language in terms of "bodily injury" or "serious bodily injury". Appellant stresses that "to injure anyone" encompasses a broad range of transgressions beyond the scope of personal assault, such as causing property damage or a violation of a legal right. Appellant argues that no statute can survive such indefinite composition.

■ It is the duty of this court to construe statutes in such a way as to uphold their constitutionality. *Ely v. State*, 582 S.W.2d 416 (Tex.Cr.App.1979). When construing a statute, the court must determine and follow the legislative intent underlying the enactment of the statute. *Faulk v. State*, 608 S.W.2d 625 (Tex.Cr.App.1980).

Examination of the statute in question leads us to the conclusion that the legislation sought to deter physical assault by an actor against another in the course of a burglary. To construe the phrase "injure another" to include violation of a legal right or property damage would be superfluous. Damage to property and violation of a legal right exist upon the occurrence of the burglary. Thus, under this construction, the aggravating circumstances of the first degree felony would be no greater than the ordinary result of the second degree offense of burglary itself.

A reading of the remainder of subsection (d) indicates that the offense is of the first degree if (1) the building is a habitation; or (2) if the actor is armed with a deadly weapon or explosives. The clear import of this subsection is to deter physical injury to people. We decline appellant's invitation to hold the statute unconstitutionally vague. Ground of error one is overruled.

■ Appellant's second ground of error asserts that the indictment under which he was prosecuted is fundamentally defective. The indictment reads in pertinent part:

"That Richard Dwayne Taylor on or about the 10th day of December, A.D., 1977 and anterior to the presentment of this indictment, in the County of Wichita and the State of Texas, did then and there, with intent to commit theft, enter a building which was not then open to the public, without the effective consent of Ronnie Hale, the owner, and while in the building the said Richard Dwayne Taylor did injure the said Ronnie Hale by stabbing him with a sharp instrument, to-wit: one blade of a pair of scissors ... "

Appellant claims that the State was required to plead and prove a culpable mental state, not only in commission of the burglary, but also in commission of the injury to Ronnie Hale. This same contention has been rejected by the Court of Criminal Appeals in relation to other sections of the Penal Code. In *Bilbrey v. State*, 594 S.W.2d 754 (Tex.Cr.App.1980), it was held that a culpable mental state is not required to be alleged or proven for the exhibition of a deadly weapon during the commission of a robbery in order to elevate the offense to aggravated robbery. Culpability is required in the allegation of the primary offense, but is not necessary with reference to the aggravating circumstance.

Another case, in which this contention was advanced and rejected, dealt with the statute proscribing the carrying of weapons on or about the person. *Uribe v. State*, 573 S.W.2d 819 (Tex.Cr.App.1978). In that case the Court of Criminal Appeals addressed V.T.C.A., Penal, § 46.02, which provides:

"(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

"(b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

Appellant, in *Uribe v. State, supra,* was indicted for illegally carrying a firearm on a premises licensed to sell alcoholic beverages. The indictment alleged a culpable mental state for carrying the weapon, i.e., that he "did then and there knowingly and intentionally carry on and about his person a handgun ... "

However, no culpability was alleged with regard to the aggravating factor of subsection (c), to-wit: carrying the firearm on a premises licensed to sell alcoholic beverages. The court, in rejecting the defective indictment claim, stated: "The definition of this offense in sec. 46.02(a), *supra*, prescribes a culpable mental state. Section 46.02(c), *supra*, does not create a separate offense, however, as its only effect is to raise the penalty when the offense is committed in a designated place. Thus the offense created by Subsections (a) and (c), *supra*, does not require a culpable mental state beyond that contained in Subsection (a)." *Id.* at 821.

We find, on the basis of the above authority, that the culpability alleged in the indictment is sufficient for the offense of burglary. No additional culpability need be alleged for the same offense to be elevated from a second to a first degree felony, due to the occurrence of an aggravating factor contained in the statute. Appellant's second ground of error is overruled.

■ In a related ground of error, appellant maintains that the trial court erred fundamentally in its charge to the jury at the guilt or innocence stage of the trial. The pertinent part of the charge states:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Richard Dwayne Taylor, did, in Wichita County, Texas, on or about December 10, 1977, without the effective consent of Ronnie Hale, the owner, enter a building, which was not then open to the public, with intent to commit theft, you will find the defendant guilty of burglary.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

Appellant contends that since the charge omits the injury allegation contained in the

indictment, there is a fatal variance between the two. We reject this proposition.

As discussed with reference to ground of error two, the offense for which appellant was indicted, tried, and convicted is burglary. The charge, by the court, at the guilt or innocence stage of the trial correctly reflects this. The aggravating circumstance, in this case injury to Ronnie Hale, pertains to *penalty* not guilt.

Appellant recognized this by his motion in limine, which was granted by the trial court, wherein he requested that the aggravating circumstances, i.e., the injury to Ronnie Hale, not be submitted to the jury at the guilt or innocence phase of the trial. The trial court correctly charged the jury at the punishment phase of the trial on the range of punishment for burglary of a building (a second degree felony) as well as for burglary of a building with the aggravating factor of injury to a person (a first degree felony). *Iness v. State*, 606 S.W.2d 306 (Tex.Cr.App.1980). Ground of error three is overruled.

The judgment of the trial court is affirmed.