James KING

v.

STATE of Texas.

No. 11–81–173–CR.

Court of Appeals of Texas,
Eastland.

Oct. 21, 1982.

Garry Lewellen, McMillan & Lewellen,
Stephenville, for appellant.

Randolph Chandler, Dist. Atty., Stephen-
ville, for appellee.

DICKENSON, Justice.

James King was convicted, upon his plea of guilty and judicial confession, for the offense of unlawfully carrying a handgun on premises licensed for the sale of alcoholic beverages. See Tex.Pen.Code Ann. sec. 46.-02(c) (Vernon 1974). Pursuant to a plea bargain agreement, he was sentenced to a probated term of five years confinement and a fine of $500. James King appeals.[1] We affirm the conviction.

■ Appellant has briefed four grounds of error. First, he argues that the trial court abused its discretion in refusing to grant permission for appellant to appeal his conviction. Although we sustain this ground, it does not require a reversal of the conviction, for we will proceed to review the conviction on its merits. The reason that we sustain this first ground of error is the trial court's failure to give the admonition which is now required by Tex.Code Crim.Pro.Ann. art. 26.13(a)(3) (Vernon Supp.1982) which provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, *the court shall admonish the defendant of:*

(1) * * *

(2) * * *

(3) *the fact that* if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *the trial court must give its permission to the defendant before he may prosecute an appeal* on any matter in the case except for those matters raised by written motions filed prior to trial. (Emphasis added)

■ The second ground of error argues that the trial court erred in accepting appellant's plea of guilty without first admonishing him as required by Article 26.13(a)(3), supra. We also sustain this ground, but it does not require a reversal of the conviction in view of our holding that appellant will be permitted to prosecute an appeal of all mat-

ters raised by his brief. See *Eubanks v. State,* 599 S.W.2d 815 at 817 (Tex.Cr.App. 1980), which held:

(A)ny harm caused because appellant was unaware, when he pled guilty, of the possible limitation on his right to appeal, is remedied by our holding that appellant is entitled to an appeal on other grounds. We therefore find no grounds for reversal.

See also Tex.Code Crim.Pro.Ann. art. 26.-13(c) (Vernon Supp.1982).

■ The third ground of error argues that the evidence is insufficient to show that appellant had knowledge that the premises, where he possessed the handgun, were licensed to sell alcoholic beverages. We disagree. Appellant signed a stipulation of evidence which stated in pertinent part:

I, James W. King, on the 1st day of August, 1981, in Erath County, Texas, did intentionally and knowingly carry on and about my person, a handgun, on a premises licensed and issued a permit by the State of Texas for the sale and service of alcoholic beverages.

This stipulation was also signed by appellant's retained attorney of record. Moreover, it was not necessary for the State to prove that appellant had knowledge the premises were licensed to sell alcoholic beverages. *Uribe v. State,* 573 S.W.2d 819 at 821 (Tex.Cr.App.1978); *Taylor v. State,* 632 S.W.2d 697 at 699 (Tex.App.—Fort Worth 1982, pet'n ref'd).

■ The last ground of error claims the indictment is fundamentally defective in that it fails to identify either the handgun involved or the licensed premises. This ground is overruled.

The indictment charged, omitting its formal parts, that:

James W. King, on or about the 1st day of August, A.D. 1981, and before the presentment of this indictment, in said County and State, did then and there intentionally and knowingly carry on and

1. The plea bargain was accepted on November 2, 1981. Five days later appellant was arrested for driving while intoxicated, and the State's

motion to revoke probation was filed on November 10. The notice of appeal was filed on November 12.

about his person a handgun, on a premises licensed and issued a permit by the State of Texas for the sale and service of alcoholic beverages.

The cases cited by appellant are factually distinguishable. We will follow the general rule stated by the majority en banc opinion in *Thomas v. State*, 621 S.W.2d 158 at 161 (Tex.Cr.App.1980, rehearing en banc denied 1981):

(T)he general rule (is) that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient.

We note that the indictment in this case "tracks the words" of Section 46.02, supra, the penal statute in question. The indictment is not fundamentally defective.

The trial court's judgment of conviction is affirmed.