NO. 07-03-0249-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 29, 2004

_____

JIMMY MURRELL OWEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 13,849-A; HONORABLE HAL MINER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following appellant Jimmy Murrell Owen's plea of not guilty, a jury convicted him of conspiracy to commit burglary of a habitation, and the trial court assessed punishment at 20 years confinement. Presenting two issues, appellant contends the trial court erred in:

(1) denying his motions to quash and to set aside the indictment; and (2) sentencing him to 20 years confinement when he was convicted of only a third degree felony. We affirm.

In July 2001, the Randall County Grand Jury returned an indictment against appellant for conspiracy to commit burglary of a habitation. The indictment alleged, in pertinent part, that appellant:

> on or about the 6[th] day of February, A.D. 1998, and before the presentment of this indictment, . . . did then and there, with intent that a felony, to-wit: burglary of a habitation, be committed, agree with Keymathe Marsh that Keymathe Marsh would engage in conduct that would constitute said offense, and the said Keymathe Marsh did perform an overt act in pursuance of the said agreement, to-wit: the said Keymathe Marsh committed burglary of a habitation.

Appellant filed a *pro se* motion to quash the indictment maintaining it violated his right to a speedy indictment under article 32.01 of the Texas Code of Criminal Procedure Annotated (Vernon 2003)[1] and his right to a speedy trial under both state and federal

---

[1]Article 32.01 provides:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180[th] day after the date of commitment or admission to bail, whichever is later.

constitutions. Some seven months later, appellant filed a *pro se* motion to set aside the indictment again asserting violations of article 32.01[2] and deprivation of his speedy trial rights. In addition, appellant claimed the indictment was defective because it failed to provide: (1) the name of the person having ownership of the alleged habitation; and (2) a description of the habitation alleged to have been burglarized.

On April 14, 2003, the trial court conducted a hearing on appellant's motions, which were adopted by his court-appointed attorney. Regarding the motion to set aside the indictment, appellant's attorney argued, "My client is saying, look, if this guy committed burglary of a habitation and I don't know whose habitation is burglarized, I could get charged with conspiracy on every burglary of a habitation that the co-conspirator committed." He continued,

> [a]nd *we know what we're charged with*, but because of the fact that the overt act alleged in this indictment is that this co-conspirator committed burglary of a habitation, we're saying, hey, to prevent us from being prosecuted in the future, or in the same crime, give us the name of the place he burglarized or give us a location.

(Emphasis added). Following the presentation of evidence and arguments of counsel, the trial court denied the motions and proceeded to empanel a jury.

---

[2]All references to articles are to the Code of Criminal Procedure, unless otherwise designated.

At trial, the evidence revealed that in February 1998, appellant, who was unhappy with the representation he received from an attorney named Selden Hale in a family law matter, enlisted the help of Keymathe Marsh and another individual to break into Hale's house, burglarize it, and burn it down. After the jury found appellant guilty of the offense, the trial court dismissed the jury and conducted a hearing on punishment.

By his first issue, appellant contends the trial court erred in denying his motions to quash and to set aside the indictment in this case. We disagree. Appellant argues the charging instrument was defective because "it gave no indication of the facts of the felony to be committed under the alleged conspiracy." A timely and reasonably specific objection is required to preserve error for appellate review. Tex. R. App. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). In addition, the objection at trial must comport with the error complained of on appeal . Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). At trial, appellant contended the indictment failed to specify (1) the name of the person who owned the house that was burglarized or (2) a description of the habitation. On appeal, appellant expands his complaint to contend "the language 'burglary of a habitation' is not factually sufficient to provide the required notice of the specific conduct or acts allegedly committed by him that the State would be relying upon in obtaining a conviction." Because appellant's complaint on appeal does not comport with his objection at trial, the issue presents nothing for review. Trevino v. State, 991 S.W.2d 849, 855 (Tex.Cr.App. 1999).

4

By his second issue, appellant contends the trial court erred in sentencing him to 20 years confinement when he was convicted of a third degree felony. By his argument, he contends the jury found him guilty of conspiracy to commit burglary of a habitation and that arson was not included in the charged offense. We disagree.

Aggravating factors, such as if a felony other than felony theft had been committed during the burglary offense are to be decided at the punishment phase. See Taylor v. State, 632 S.W.2d 697, 700 (Tex.App.--Fort Worth 1982, pet. ref'd). Here, evidence of arson was introduced by the State at both the guilt/innocence and the punishment phase; however, appellant did not object to the admission of the evidence of arson of the habitation.

Moreover, by its charge during guilt/innocence, the trial court instructed the jury on the definition of burglary and the felony offense of arson. Notwithstanding the charge, appellant did not object to the instruction on arson as required by article 36.15. *See also* Thiel v. State, 676 S.W.2d 593, 594 (Tex.Cr.App. 1984). As discussed in *Butler* a reasonably specific objection is required in the trial court to preserve a complaint for appellate review. 872 S.W.2d at 236. An additional requirement is that an objection "must be made at the earliest possible opportunity." Wilson v. State, 71 S.W.3d 346, 349 (Tex.Cr.App. 2002). Considering that appellant does not suggest that preservation of error need not be demonstrated, that he had at least three opportunities to object to the arson question, but failed to timely present any reasonably specific objection in the trial court,

5

and that he has not provided us with citation to any legal authority supporting his argument, his second issue is overruled.  Williams v. State, 91 S.W.3d 460, 462 (Tex.App.--Amarillo 2003, no pet.).

     Accordingly, the judgment of the trial court is affirmed.

               Don H. Reavis
               Justice

Do not publish.

.