Elwin Joseph OUBRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 53259.

Court of Criminal Appeals of Texas.

Nov. 3, 1976.

Brantley Pringle, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Jim Bennett, Marvin Collins and Paul E. Gartner, Jr., Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from an order revoking probation.

On April 7, 1975, appellant was convicted of aggravated kidnapping. Punishment was assessed at six years, probated. Condition (a) of his probation was that he commit no offense against the laws of this state or any other state or of the United States.

On September 30, 1975, the State filed a motion to revoke appellant's probation alleging that on September 26, 1975, during the term of probation, appellant had violated condition (a), supra, in that he did knowingly and intentionally possess a usable quantity of marihuana of more than four ounces. On February 13, 1976, after hearing evidence on the motion to revoke, the court found that appellant had violated condition (a) as alleged, ordered the probation revoked and sentenced appellant to a term of not less than five years nor more than six years.

Appellant initially contends that the case should be reversed because (1) there was a fatal variance between the search warrant and the affidavit, (2) the search was void ab initio, and (3) the search was general and far exceeded the permissible limits of the Fourth Amendment to the United States Constitution.

The affidavit described with particularity the appellant's wife and the apartment to be searched. The warrant authorized the search of the apartment, appellant's wife and persons unknown who may be found at the premises to be searched. Although the affidavit made no

mention of any automobile, the warrant authorized the search of "the place and motor vehicle therein named and described." Obviously, the search of an automobile was not legally justified as not being supported by the affidavit for the warrant. However, the marihuana obtained was all found in the apartment and was legitimately within the scope of the affidavit which controls over the warrant. *Riojas v. State,* Tex.Cr.App., 530 S.W.2d 298. As the officers approached the door of the apartment, the door opened and a Mrs. Mapps started out. The officers made her return to the apartment and subsequently searched her but found no marihuana in her possession. Clearly she was within the scope of "persons unknown who may be found at the premises to be searched." When the officers entered the apartment they saw appellant lying on the floor in front of the television set which was turned on. In plain view and within about two feet of appellant were baggies containing marihuana. Marihuana was also found in a drawer in the kitchen and in the bathroom. In searching the bedroom, the officers found letters addressed to appellant and approximately 200 photographs many of which being pictures of appellant and his wife. Appellant's contention that the search was general and far exceeded the permissible limits of the Fourth Amendment to the United States Constitution is based upon the fact that the officers retained possession of the envelopes addressed to appellant at the apartment address as well as the photographs showing appellant and his wife in the apartment. These items were retained for the purpose of showing appellant's occupancy of the premises as bearing upon the issue of his possession of the marihuana found therein. Further, a considerable quantity of marihuana had already been found in three rooms of the apartment and, according to the officers, the bedroom search was a mere continuation of their authorized search for marihuana. The fact that incident to the authorized search there was discovered evidence bearing upon appellant's joint possession of the apartment does not invalidate the search as it was legitimately within the scope of the affidavit and the warrant issued pursuant thereto. *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 and *Chambers v. State,* Tex.Cr.App., 508 S.W.2d 348. See also, *Woods v. State,* Tex. Cr.App., 533 S.W.2d 16.

■ Appellant next contends that the evidence was insufficient to show knowing possession of the marihuana by appellant as he was asleep on the floor when the officers arrived. The contention that appellant was asleep is not supported by the evidence. The record reveals that as the officers entered the living room they saw appellant lying on the floor with his head propped up with pillows from the couch. He was facing the television which was turned on. Since appellant's contention is based upon a misstatement of the evidence, nothing is presented for review.

■ Finally, appellant contends that the court erred in refusing him the right to go behind the face of the affidavit and question the officer about the reliability of the informant. It is well settled that the court will not look behind the allegations of an affidavit for the issuance of a search warrant. *Phenix v. State,* Tex.Cr.App., 488 S.W.2d 759; *Wetherby v. State,* Tex.Cr. App., 482 S.W.2d 852; *Brown v. State,* Tex. Cr.App., 437 S.W.2d 828. Apparently appellant contends that on an occasion subsequent to the arrest of appellant the same informer gave information which proved to be inaccurate. This obviously could have had no bearing upon the magistrate's determination of probable cause when he issued the search warrant which was the basis of the search in this cause.

The judgment is affirmed.

Opinion approved by the Court.