**Rogers GARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61395.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 20, 1982.

Rehearing Denied Dec. 15, 1982.

Tom Mills, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly, Reed W. Prospere and G.J. Muller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder. After the jury found the appellant guilty of the offense as charged, the appellant pleaded true to two enhancement allegations. The trial court then assessed punishment at confinement for life. The appellant does not challenge the sufficiency of the evidence.

On June 7, 1978, the deceased was discovered in her home by her daughter. The deceased had been killed by a single stab wound to her back. Two days later, on June 9, a magistrate in Dallas County issued a warrant ordering the arrest of the appellant. At approximately 11:00 a.m. on June 10, two Houston police officers arrested the appellant at his sister's house in Houston. The arrest was based solely upon the June 9 Dallas County warrant. In the patrol car on the way to the Houston police station, the appellant was read his *Miranda** rights. He was booked into the police station at about 11:30 a.m. He was not taken before a magistrate in Houston. Later that day, about 10:00 p.m., Dallas police officer Maxam arrived in Houston, accompanied by another Dallas police officer. About 11:00 p.m. the appellant was brought to Officer Maxam for questioning. Maxam again advised the appellant of his *Miranda* rights. They then talked for about 20–30 minutes about the offense. At 11:50 p.m. the appellant signed a written statement in which he admitted killing the deceased.

In two grounds of error, the appellant challenges the admissibility of testimony

* *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602,     16 L.Ed.2d 694 (1966).

about the circumstances of his arrest and the admissibility of his written confession. He contends that his arrest was illegal, and that, therefore, all evidence which resulted from his arrest must be suppressed.

The arrest warrant affidavit in this case states, in pertinent part:

"... your Affiant has good reason to believe and does believe that one Rogers Garrison BM 1–22–45 hereinafter styled Defendant, heretobefore on or about the 7th day of June A.D. 1978 in the County of Dallas and State of Texas, did unlawfully take the life of Luvenia Ward by stabbing her to death with a knife ...."

The appellant contends that this affidavit completely fails to set forth facts which would enable a neutral and detached magistrate to determine whether probable cause exists to support the issuance of an arrest warrant.

The State concedes that this affidavit does not meet the standards set out in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). However, the State argues that an illegal arrest does not automatically render inadmissible a subsequent written confession. The State contends that the appellant failed to show a causal connection between the arrest and the confession, and that this failure renders his confession admissible.

■ We reject the State's argument for two reasons. First, it misconceives the burden of proof. The defendant does not have the burden of showing that the statement is inadmissible. Once the fact of an illegal arrest is shown, it is the State's burden to show that a statement taken as a result of that arrest is admissible. *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Green v. State,* 615 S.W.2d 700 (Tex.Cr.App.1980).

■ Second, the State's argument that there was no causal connection between the appellant's arrest and his confession fails on its merits. In this case, the appellant's arrest in Houston was made solely on the authority of an arrest warrant issued in Dallas which is clearly inadequate under the well-established *Aguilar* standards. The appellant was then detained in Houston for over twelve hours, without being taken before a magistrate, before signing the statement. Although the appellant was given the *Miranda* warnings at the time of his arrest and again before he gave his statement, the United States Supreme Court has held that these warnings, by themselves, cannot serve to attenuate the taint of an illegal arrest. *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). See also *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). Other than these warnings, there is no evidence in this record of any intervening circumstance between the appellant's illegal arrest and detention and the giving of his written statement. Under these circumstances, "it is unreasonable to infer that [the appellant's] response was sufficiently an act of free will to purge the primary taint of the [illegal arrest and detention.]" *Wong Sun v. United States,* 371 U.S. 471, 486, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963).

For these reasons, it was error to admit the appellant's written statement into evidence. Similarly, it was error to admit into evidence testimony concerning the appellant's arrest and the taking of the statement.

The judgment is reversed and the cause remanded.