Micheal LAGRONE, Appellant,

v.

The STATE of Texas, State.

No. 2–82–030–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 15, 1982.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and Chris Marshall, Asst. Crim. Dist. Atty., Fort Worth, for the State.

Before JOE SPURLOCK, II, HUGHES and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appeal is taken from conviction for aggravated robbery. V.T.C.A. Penal Code, § 29.03. Punishment was assessed by the court at 35 years imprisonment.

We affirm.

Appellant challenges the sufficiency of evidence and also contends that the trial court erred in (1) overruling a motion to suppress appellant's confession; (2) refusing to submit a charge to the jury on the law of robbery; and (3) failing to charge the jury on the definition of a deadly weapon.

Ground of error one is that the trial court committed error in overruling appellant's motion to suppress his confession.

Appellant argues that his arrest was illegal because the arrest warrant affidavit did not allege sufficient facts to constitute probable cause, and therefore his confession, which was given while he was under arrest, was inadmissible under the fruits of the poisonous tree doctrine.

Appellant was arrested on a warrant issued by a Fort Worth Municipal Judge. The arrest warrant was issued on the basis of an affidavit sworn to by Detective J.J. Lee of the Fort Worth Police Department. In the affidavit, Detective Lee states that he was advised by Sgt. Malone that a Michael Lagrone was a possible suspect in several robberies on the west side. The affidavit states that Detective Lee also showed a photo spread containing appellant's picture to two witnesses who identified photo number 35315 as a photo of the black male who robbed them.

Appellant argues that mere suspicion, belief, or opinion of guilt not based on ascertainable facts is not sufficient to authorize an arrest. Appellant emphasizes that while the suspicion of guilt noted in the detective's affidavit is supported by allegations that both witnesses identified photo number 35315 as being the black male who committed the robbery, the affiant does not state that the photo was that of the appellant.

We are limited to the four corners of the affidavit on the question of sufficiency. *Oubre v. State*, 542 S.W.2d 875 (Tex. Cr.App.1976); *Jones v. State*, 568 S.W.2d 847 (Tex.Cr.App.1978). However, arrest warrant affidavits must be interpreted realistically, in light of common sense. *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App. 1976).

■ We conclude that there is insufficient information in the arrest warrant's affidavit to connect appellant to the crime in question. The only portion of the affidavit tending to connect appellant with the crime is in paragraph 12. There the affiant stated he was advised by Sgt. Malone that a Michael Lagrone was a "possible suspect" in several robberies on the west side.

Even if appellant's initial arrest was illegal, however, we face an overriding question: was his subsequent confession sufficient to remove the taint of illegal arrest?

■ In *Wheeler v. State*, 629 S.W.2d 881 (Tex.App.–Dallas 1982) an appellant was illegally arrested and then gave a confession. The court upheld the admission of the confession into evidence, noting, inter alia, that appellant had been given his *Miranda* warning on several occasions, the officers had acted in good faith, and the purpose of the exclusionary rule would not be served by employing the rule in that case. We find the reasoning in *Wheeler* to apply equally to the case at bar.

The basis of appellant's contention that his arrest was illegal turns on the affiant officer's mere failure to state that photo number 35315 was that of the appellant. That does not show bad faith. Further appellant was warned of his rights on several occasions, and the voluntariness of his confession is not challenged.

The first ground of error is overruled.

In ground of error two, appellant challenges the sufficiency of the evidence to support the verdict.

Appellant does not attack the sufficiency of the evidence to convict him of the offense of robbery, but argues that the evidence was not sufficient to show that the robbery was *aggravated.* By this, appellant asserts that the State failed to prove that the knife alleged to have been used in the case at bar was a deadly weapon.

■ A knife is not a deadly weapon *per se,* and the courts must look to the use and intended use in each case to determine whether the knife in question could be considered a deadly weapon. *Hubbard v. State,* 579 S.W.2d 930 (Tex.Cr.App.1979).

The evidence shows that a tan automobile containing a man drove up to the drive-through window, placed an order, and then pulled out. Subsequently, the same man, identified as appellant, came into the Dairy Queen, exhibited a knife about four inches long, came around the counter, and took the money from the cash register.

Josie Ponce, an employee of the store, testified that the appellant placed the knife at her back, although she suffered no injuries, while ordering her to remove the money from the register. Another employee, Tammie Trett testified as follows:

A. As Josie was coming around the steamer, he told her to open the safe. And she said, "We don't have a safe." And he said, "If you don't open the safe, I'm going to kill her," which was me.

Q. He was motioning to you at the time that he was talking to Josie?

A. Yes, that he was going to kill me.

Q. And where did he have that knife at that particular point?

A. Well, see, I didn't get underneath the steamer then. I was more slouched, and he came at me at the stomach with the knife.

Q. He put the knife—

A. It wasn't right at the stomach. He never got to the point to closeness, but that's where it was—

Q. Was that where he was aiming that knife?

A. Yes.

Dr. Nizam Peerwani, Tarrant County Medical Examiner, a State's witness, testified that such a knife, if plunged into certain areas of the body, could cause massive hemorrhage and perhaps death.

"Deadly weapon", as defined in V.T.C.A. Penal Code, § 1.07(a)(11)(A) and (B) includes "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

■ We hold that under this evidence there was more than sufficient evidence for

the jury to find, as it did, that appellant fully intended to cause death or serious bodily injury to Josie Ponce and Tammie Trett with the knife which he brandished during the robbery. Wounds need not be inflicted before a knife can be determined to be a deadly weapon. *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978).

■ Words spoken by an accused during the commission of an offense may be considered by the jury in deciding if the weapon used is a deadly weapon. *Williams v. State,* 575 S.W.2d 30 (Tex.Cr.App.1979). The evidence is that the appellant, brandishing the knife, said, in effect, "If you don't open the safe, I'm going to kill her." Appellant's second ground of error is overruled.

■ Ground of error three is that the trial court erred in refusing to submit to the jury a charge on the law of robbery.

Texas law provides that the jury need not be charged on a lesser included offense unless the testimony raises an issue that the appellant, if guilty, is guilty only of the lesser offense. *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978); *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974).

In the case at bar, the trial court refused appellant's requested charge on a lesser included offense. The testimony of Ponce, Trett and Peerwani was that appellant committed a robbery using a deadly weapon. Thus if appellant is guilty at all, he is guilty of aggravated robbery.

Appellant's third ground of error is overruled.

■ Ground of error four is that the trial court erred by failing to charge the jury on the definition of a deadly weapon. Appellant's brief cites no page number or portion of the record where the alleged error is supposed to have occurred, so nothing is presented for review. *Cook v. State,* 611 S.W.2d 83 (Tex.Cr.App.1981).

■ Assuming, arguendo, that appellant had preserved the record for review, the error would not be fundamental, because the principle of fundamental error applies only to that part of the charge which applies the law to the facts. *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr.App. 1979).

Appellant's fourth ground of error is overruled.

Judgment is affirmed.