**Michael LAGRONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 063–83.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1987.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Don Hase, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of the offense of aggravated robbery and sentenced by the court to thirty-five years' confinement. The Court of Appeals affirmed the conviction. *Lagrone v. State*, 742 S.W.2d 698 (Tex.App.—Ft. Worth 1982). We granted appellant's petition for discretionary review to determine whether the appeals court erred in holding that the trial court properly denied appellant's motion to suppress a confession that appellant maintains was the tainted product of his illegal arrest. Finding appellant's arrest to be lawful, we affirm.

Appellant was arrested on a warrant issued on the basis of an affidavit sworn to

by Detective J.J. Lee of the Fort Worth Police Department. The affiant averred to his belief and good reason to believe that appellant committed the crime charged. Fifteen separate statements were listed to factually support affiant's conclusion. Affiant's belief was based upon the following facts and information:

"1. That on 9/17/81 at 2045 hours, the Mr. Beef Restaurant at 5800 Camp Bowie Blvd. Fort Worth, Tarrant County, Texas, was robbed by a lone black male.

"2. That there were two employees of the restaurant present when it was robbed.

"3. That the employees reported that the black male came into the restaurant and asked for a coney island.

"4. That $.95 was rung up and the black male then climbed over the counter and got alongside the employee.

"5. That the employee's (sic) reported that the black male was clutching his right hip area and stated 'open the drawer, I got a gun, I'll blow your damn head off'.

"6. That one employee told the black male that he was not opening it, and the black male then hit the employee in the face with his hand.

"7. That the black male then escorted the male employee to the back of the restaurant and forced him to open the safe, and the black male took a black vinyl money bag from it.

"8. That the black male then took the male employee's billfold and removed $8.00 from it.

"9. That the black male then put the two employees in a bathroom and left.

"10. That the employees eventually came out of the bathroom and called the police department and had an offense report made.

"11. That on 9/19/81, your affiant was assigned to do a followup investigation concerning this robbery.

"12. That your affiant was advised by Sgt. Malone that a Michael LaGrone was a possible suspect in several robberies on the west side.

"13. That on 9/24/81 at 1300 hours, your affiant contacted Michael Lloyd at the restaurant and showed him a photo spread, containing Michael LaGrone's photo.

"14. That Michael Lloyd picked photo # 35315 as being the black male that robbed the restaurant on 9/17/81.

"15. That on 9/24/81 at 1330 hours, your affiant showed same photo spread to Valerie Salyers and that she also picked photo # 35315 as being the male that robbed them on 9/17/81."

Following appellant's arrest for the September 17, 1981, offense, he confessed to the robbery at issue here. After signing a written statement, appellant was placed in a lineup with three other men. Both victims of the instant offense made a positive identification.

In his motion to suppress and on appeal, appellant claims his confession relating to the instant case should be suppressed because it was the result of an illegal arrest. Appellant argues that the arrest was illegal because the affidavit supporting the arrest warrant failed to state sufficient facts to establish probable cause that appellant committed the offense in question. Specifically, appellant emphasizes that while the suspicion of guilt noted in the affidavit is supported by allegations that two witnesses identified photo number 35315 as being the person who committed the robbery, the affiant does not directly connect appellant to the crime by including a statement saying that the photo picked was that of appellant.

Agreeing with appellant, the appeals court concluded there was insufficient information in the affidavit to connect appellant to the crime in question and, therefore, a lack of probable cause for issuance of the

warrant. *Lagrone v. State,* supra. However, that court then went on to conclude that, under *Wheeler v. State,* 629 S.W.2d 881 (Tex.App.—Dallas, 1982), the confession was admissible since appellant was given his *Miranda* warnings on several occasions, the officers had acted in good faith in executing the warrant, and the purpose of the exclusionary rule would not be served by employing the rule in this case. *Lagrone v. State,* supra.[1]

While agreeing what is now commonly termed the "good faith" exception to the exclusionary rule might be appropriate to resolution of this case if the appeals court was correct as to the sufficiency of the warrant affidavit, our determination that the affidavit at issue does contain sufficient information to provide an inferential nexus between appellant and the crime charged therein so as to constitute probable cause for issuance of the arrest warrant forecloses our analysis and application of the "good faith" doctrine to this case. For the same reason we do not reach the question whether appellant's confession was the product of an illegal arrest and detention, or if any such "taint" was removed as the State argues under the standard enunciated in *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), reiterated in both *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and *Taylor v. Alabama,* 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982).[2]

Turning to the threshold and deciding issue concerning the legality of appellant's arrest, we must determine whether probable cause existed for issuance of the warrant. It is a well settled rule that we are limited to the four corners of an affidavit on the question of sufficiency. *Jones v. State,* 568 S.W.2d 847 (Tex.Cr.App.1978);

*Oubre v. State,* 542 S.W.2d 875 (Tex.Cr. App.1976); *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App.1976). But, by limiting the determination of probable cause to the "four corners" of the affidavit, we do not presume to place legalistic blinders on the process wherein a neutral and detached magistrate must decide whether there are sufficient facts stated to validate issuance of a proper warrant. To this end, we have concluded that warrant affidavits should be interpreted in a common sense and realistic manner. *Jones v. State,* supra; *Lopez v. State,* supra. Rather than requiring a determination to be made within the framework of a factual vacuum, the reviewing magistrate is permitted to draw reasonable inferences from the facts supporting the averments. *Jones v. State,* supra; *Lopez v. State,* supra.

In the most basic sense, it is the presence or absence of supporting facts which dictates resolution of the sufficiency question. An averment must be supported by sufficient facts before the affidavit may rise to the level of showing probable cause. *Rumsey v. State,* 675 S.W.2d 517 (Tex.Cr. App.1984). A mere conclusion, without such support, is insufficient for a magistrate to satisfy himself that the affiant is possessed of facts that legally justify the conclusion that a crime has been committed and that the accused has committed it. *Rumsey v. State,* supra; *Knox v. State,* 586 S.W.2d 504 (Tex.Cr.App.1979); *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); see also, *Garrison v. State,* 642 S.W.2d 168 (Tex.Cr. App.1982).

Contrary to the argument advanced in appellant's brief, the affidavit before us contains more than a mere conclusion that appellant commited the crime charged. Af-

---

**1.** The Court of Appeals' decision predates and anticipates the Supreme Court opinion in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

**2.** In *Self v. State,* 709 S.W.2d 662 (Tex.Cr.App. 1986), this Court in an opinion by Presiding Judge Onion reiterated the following factors originally set out by the United States Supreme Court to be considered in determining whether a confession given following an illegal arrest is

sufficiently attenuated to permit the use of the confession at trial:

(1) whether *Miranda* warnings were given;
(2) the temporal proximity of the arrest and the confession;
(3) the presence of intervening circumstances; and
(4) the purpose and flagrancy of the official misconduct.

fiant's conclusive averments are supported by sufficient factual allegations so as to permit the reasonable and logical inference of a nexus between appellant and the crime charged. The knowledge of another officer that appellant was a suspect in similar contemporaneous crimes provides initial support for a probable cause determination. See *Woodward v. State*, 668 S.W.2d 337 (Tex.Cr.App.1984). To such general knowledge is added concrete identification of the specific robber by two eyewitness victims who chose photo number 35315 out of the array which, according to the affidavit, included a photo of appellant. In *Jackson v. State*, 470 S.W.2d 201 (Tex.Cr.App. 1971), we faced a similar situation. In that case the victim identified her assailant by picking out a numbered photograph from the array. The affidavit in that case recited that the affiant officer's belief was based upon the identification by photo number, but the affiant failed to expressly connect the accused to the crime by reciting that the accused was the person in the photo. Holding that there was probable cause for issuance of the warrant, we concluded:

> "The averments that the prosecutrix identified a picture of the individual who raped her and that the officer's belief was based on her identification lead to the clear conclusion that she identified appellant's picture." *Jackson v. State*, supra.

In the case at bar, as in *Jackson*, the two eyewitnesses' direct accusation by identifying the man depicted in photo # 35315 as the robber personally conveyed to the police officer and then by him to the magistrate was sufficient to support issuance of an arrest warrant in appellant's name. When this affidavit is read in a common sense and realistic manner it is reasonable to conclude that the photograph selected by the two victims was a photograph of appellant and not of another person. Any other conclusion is contrary to the weight of reason and evidence as shown by the record. There is no evidence in the record to suggest that either victim identified another person as the robber, or even that either victim had any difficulty picking appellant's picture out of the array. We do know that the person depicted in photo number 35315 was identified as the robber and this knowledge was communicated to the magistrate with the affidavit reciting the name of appellant. Merely because the officer failed to explicitly state the obvious, that is, that photo number 35315 was that of the appellant, is no reason to hold the warrant defective.

Although our opinion today is not to stand for the proposition that a magistrate may make any unsupported inference regardless of the circumstances, we believe that the factual support in this particular case readily provides for the reasonable inference connecting appellant with the crime charged. Appellant's ground of error is overruled.

The judgment is affirmed.

CLINTON, Judge, dissenting.

The Fort Worth Court of Appeals concluded that "there is insufficient information in the arrest warrant's affidavit to connect appellant to the crime in question." So appellant won on that point, and certainly is not now contending the Fort Worth Court was in error; on the contrary, in his brief he quotes and relies on that finding, and then argues that the State has failed to show his confession is not the product of his illegal arrest. The State has not petitioned for discretionary review of the crucial finding against it made by the Fort Worth Court. Tex.R.App.Pro. Rule 202(c). Therefore, that issue is not before this Court.

We granted appellant's petition because although the Fort Worth Court found arrest of appellant illegal it did not make a proper analysis to determine whether its taint was removed by subsequent events. See majority opinion at 660–61. However, the majority will not examine the reasoning of the Fort Worth Court—that which we determined should be reviewed.

Instead, once again, a majority of this Court gratuitously reaches out to decide a nonissue in favor of the State. It simply will not require the State—or this Court,

for that matter—to abide by our own rules. See, e.g., my dissenting opinion in *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987).

I dissent.

TEAGUE, Judge, dissenting.

Where is there in the affidavit for the arrest warrant that is before us facts that might support the reasonable inference that the photograph bearing #35315, which was identified by the witnesses as being the robber's picture, is a photograph of appellant? The only facts that are contained in the affidavit from which the magistrate could have concluded that appellant was the robber are the following: (1) the affiant, a police officer, was advised by another police officer that appellant was a suspect "in several robberies on the west side [west side of what?] and (2) that a photograph of appellant was placed in "photo spreads", from which witnesses identified the photograph numbered 35315 "as being the black male that robbed them." Judge McCormick, who authors the majority opinion, states that these facts are more than sufficient to support the magistrate's issuing the arrest warrant. I totally disagree.

It appears to me, sad to say, that Judge McCormick, in reaching his conclusion, "[I]t is reasonable to conclude that the photograph selected by the two victims was a photograph of appellant and not of another person," (Page 662 of Maj. opinion), obviously suffers in this instance from hyperopia as it is apparent to me that his vision is far better for distant objects than for close up objects, such as the affidavit for the arrest warrant that appellant attacks, which I attach as "Appendix A".

Justice Holman, who authored the opinion for the Fort Worth Court of Appeals, correctly stated the following: "We conclude that there is insufficient information in the arrest warrant's affidavit to connect appellant with the crime in question. The only portion of the affidavit tending to connect appellant with the crime is in paragraph 12. There the affiant stated he was advised by Sgt. Malone that a Michael La-grone was a 'possible suspect' in several robberies on the west side."

I now fully understand why Justice Holman was not only a fine appellate court justice but is an outstanding official for Southwest Conference football games—he did not then nor does he now suffer from either farsightedness or nearsightedness.

I respectfully dissent to the majority of this Court upholding the affidavit for the arrest warrant for the reasons given.

APPENDIX "A"

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, who after being by me duly sworn on oath deposes and says: My name is Investigator J.J. Lee, #1182, Fort Worth Police Department, Robbery, and I have good reason to believe and do believe that on or about the 17th day of September, 1981, in Tarrant County, Texas, Michael LaGrone, Black/Male/9/22/56 did then and then commit the offense of Aggravated Robbery (a felony) in that he did then and there: intentionally and knowingly while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place Michael W. Lloyd in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a pistol.

My belief is based upon the following facts and information:

1. That on 9/17/81 at 2045 hours, the Mr. Beef Restaurant at 5800 Camp Bowie Blvd. Fort Worth, Tarrant County, Texas, was robbed by a lone black male.

2. That there were two employees of the restaurant present when it was robbed.

3. That the employees reported that the black male came into the restaurant and asked for a coney island.

4. That $.95 was rung up and the black male then climbed over the counter and got alongside the employee.

5. That the employee's reported that the black male was clutching his right hip area

and stated "open the drawer, I got a gun, I'll blow your damn head off".

6. That one employee told the black male that he was not opening it, and the black male then hit the employee in the face with his hand.

7. That the black male then escorted the male employee to the back of the restaurant and forced him to open the safe, and the black male took a black vinyl money bag from it.

8. That the black male then took the male employee billfold and removed $8.00 from it.

9. That the black male then put the two employees in a bathroom and left.

10. That the employees eventually came out of the bathroom and called the police department and had an offense report made.

11. That on 9/19/81, your affiant was assigned to do a followup investigation concerning this robbery.

12. That your affiant was advised by Sgt. Malone that a Michael LaGrone was a possible suspect in several robberies on the west side.

13. That on 9/24/91 at 1300 hours, your affiant contacted Michael Lloyd at the restaurant and showed him a photo spread, containing Michael LaGrone's photo.

14. That Michael Lloyd picked photo #35315 as being the black male that robbed the restaurant on 9/17/81.

15. That on 9/24/81 at 1330 hours, your affiant showed same photo spread to Valerie Salyers and that she also picked photo #35315 as being the male that robbed them on 9/17/81.

WHEREFORE, I request that an arrest warrant issue for the suspect hereinbefore designated according to the laws of this State.

WITNESS my signature this the 29th day of September, 1981.