TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00556-CR







Darrel Clevenger, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL DISTRICT


NO. 4147, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of one count of sexual assault and two counts of
aggravated sexual assault. (1) The complaining witness in the sexual assault was appellant's son,
who was sixteen years old at the time of the offense. The complaining witness in the aggravated
sexual assaults was BWT, who was thirteen years old at the time of the offenses. The jury
assessed punishment at imprisonment for twenty years and a $5000 fine for the sexual assault and
at imprisonment for seventy-five years and a $5000 fine for the aggravated sexual assaults.

 In his only point of error, appellant contends the district court erred by overruling
his supplemental motion to suppress evidence seized during a search of his residence. The search
took place in April 1993, after Brady police chief James Ledford was told by BWT and his mother
that the boy had been sexually assaulted by appellant. During this search, the police seized
several videotapes showing appellant engaging in sexual acts with his son. Photographs of these
videotape cassettes, which are unremarkable in appearance, were introduced in evidence as State's
exhibits 2, 6, 8, 9, 15, and 18. A Department of Public Safety technician extracted still
photographs from the videotapes that were introduced in evidence as State's exhibits 7, 11, 12,
13, 14, 16, 17, 19, and 20. Also introduced in evidence were: photographs of a camera tripod
and a stack of videotapes (State's exhibits 21 and 22); photographs of the interior of appellant's
safe, in which videotapes and a nude photograph of appellant's son can be seen (State's exhibits
23 and 24); a photograph of a jar of petroleum jelly (State's exhibit 25); and a note card on the
front of which was written, "You made me what I am today," and on the back of which was
written, "Horny" (State's exhibit 26). BWT testified that appellant gave the card to him. 

 The warrant authorized the police to search for and seize the following items listed
in paragraph three of the search warrant application:


a) Photographs, negatives, videos, or slides depicting children in sexual [sic]
explicit positions, including those that have been exposed but not yet as [sic]
developed;


b) Camera equipment, and accessories consistent with the type and style of any
photographs, slides or videos located which depict children in sexually explicit
positions;


c) Books, magazines, or other printed materials which depict children under the
age of 17 in the nude or in sexually explicit positions;


d) Pictures of naked women, men or children;


e) Obscene devices used primarily for the stimulation of human genital organs;


f) Any correspondence, business record, and address books relating to the above
named offenses;


g) Letters, notes, cards, or other written correspondence between defendant and
others suggesting obscene sexual conduct;


h) Audio tapes or voice recorded conversations between defendant and others
suggesting obscene sexual conduct.



See Tex. Code Crim. Proc. Ann. art. 18.02(10) (West Supp. 1995) (warrant may issue to search
for and seize evidence of crime). An application for a search warrant pursuant to article
18.02(10) must be supported by an affidavit stating facts sufficient to establish probable cause to
believe (1) that a specific offense has been committed, (2) that the specifically described property
or items that are to be searched for and seized constitute evidence of the offense or evidence that
a particular person committed that offense, and (3) that the property or items constituting evidence
to be searched for or seized are located at or on the particular person, place, or thing to be
searched. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 1995). In his supplemental
motion to suppress, appellant contended that the supporting affidavit in this cause did not satisfy
the third requisite of article 18.01(c).

 The probable cause portion of the search warrant application is found in paragraphs
eight and nine, which read:


8. Affiant has probable cause for his belief by reason of the following facts:


 (a) Affiant, James Ledford, is employed as Chief of Police by the
City of Brady Police Department and is currently commissioned as a peace officer
by the State of Texas.


 (b) Affiant is investigating an Aggravated Sexual Assault complaint. 
The victim of this crime is [BWT], who was 13 years of age at the time of the
alleged offense.


 Affiant interviewed the victim's mother, [MT], on April 27th and
28th, 1993, and obtained the following information:


 1. [BWT] confided in [MT] and told her that on approximately April
1, 1993, Darrel Clevenger sexually assaulted him both orally and anally.


 2. [BWT] also told [MT] that he had been sexually assaulted several
times during the past year by Darrel Clevenger.


 3. [BWT] also told [MT] that on several occasions he and Darrel
Clevenger watched pornographic movies prior to Darrel Clevenger sexually
assaulting him.


 4. [BWT] told [MT] that when he was sexually assaulted anally,
Darrel Clevenger used petroleum jelly.


 5. I have personally known [MT] for approximately eight (8) years. 
I know her to be a honest, and trustworthy person, and responsible person in the
community. The victim has twice attempted to commit suicide in the last two
weeks since the sexual assault was reported.


9. Affiant has received training and instruction from experts from [sic] in the field
of child sexual abuse and pedophilia and schools, seminars and written materials
covering child sexual abuse and pedophilia. In the course of affiant's studies and
in his experience as a peace officer in case [sic] involving child abuse and sexual
assaults, he was [sic] found that child abusers and pedophiles almost always
maintain and possess these materials, those being pictures, films, video tapes,
magazines, negatives and items used in the abuse itself, such as creams and lotions
and toys for the children, in the privacy and security of their own home, generally
retaining those items for several years. Affiant from his experience and studies has
learned that child molestation, sexual assaults like alcoholism is a long term
behavior disorder and that person [sic] who engage in inappropriate sexual
behavior with a child one time generally continues over the years to continue to
engage in inappropriate sexual behavior with the same or other children.



Appellant urges that probable cause to believe that the enumerated items could be found in his
residence was not shown because the affidavit does not state that BWT had been in appellant's
residence, that the sexual assaults against BWT took place there, that BWT had seen any of the
enumerated items, or that any of the enumerated items had been used in the commission of the
assaults. (2)

 In reviewing the sufficiency of the affidavit, we use "totality of the circumstances
analysis." Illinois v. Gates, 462 U.S. 213 (1983); Bower v. State, 769 S.W.2d 887, 903 (Tex.
Crim. App. 1989); Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988). A
reviewing court is limited to the four corners of the affidavit in determining its sufficiency. Jones
v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992); Lagrone v. State, 742 S.W.2d 659, 661
(Tex. Crim. App. 1987). The affidavit should be interpreted in a common-sense and realistic
manner, however, and the magistrate is permitted to draw reasonable inferences from the facts
stated. Lagrone, 742 S.W.2d at 661.

 The information received from BWT and his mother, as described in paragraph
eight, gave the magistrate probable cause to believe that appellant sexually assaulted the boy on
several occasions after showing him pornographic movies. But as appellant correctly points out,
the affidavit does not state where these assaults took place. We agree with appellant that the facts
contained in paragraph eight do not alone support a finding of probable cause to believe that
evidence of the assaults could be found in appellant's residence.

 The only portion of the affidavit that is relevant to the question whether evidence
of the crime could be found in appellant's residence is paragraph nine. In this paragraph, the
affiant describes his training and experience with regard to "child sexual abuse and pedophilia"
and states that child abusers and pedophiles "almost always maintain and possess these materials
[in their homes], those being pictures, films, video tapes, magazines, negatives, and items used
in the abuse itself . . . ." (3) Appellant argues that these statements constitute nothing more than the
suspicions, conjecture, and conclusions of the affiant and are therefore an inadequate basis for a
finding of probable cause. See Ware v. State, 724 S.W.2d 38 (Tex. Crim. App. 1986) (bare
allegation that offense was committed does not support finding of probable cause); Tolentino v.
State, 638 S.W.2d 499, 502 (Tex. Crim. App. 1982) (suspicion and conjecture do not constitute
probable cause); Knox v. State, 586 S.W.2d 504 (Tex. Crim. App. 1979) (same as Ware). 

 Paragraph nine states these facts: that the affiant has received training with regard
to child sexual abuse and pedophilia, that the affiant has experience investigating cases involving
child abuse and sexual assaults, and that this training and experience has taught the affiant that
child abusers and pedophiles "almost always" possess the described material in their homes. The
Supreme Court has made it clear that the expertise and experience of a police officer are to be
taken into account in applying the Fourth Amendment probable cause test. Wayne R. LaFave,
Search and Seizure § 3.2(c) (2d ed. 1987) (citing, among others, United States v. Ortiz, 422 U.S.
891 (1975); Johnson v. United States, 333 U.S. 10 (1948)). In a case raising the question whether
a police officer had adequate cause to make an investigatory detention, the Supreme Court wrote
that officers may consider "the modes or patterns of operation of certain kinds of lawbreakers." 
United States v. Cortez, 449 U.S. 411, 418 (1981). We believe that paragraph nine contains
statements of fact that could properly be considered by the magistrate in determining whether
probable cause existed for the issuance of the search warrant.

 From BWT's description of the repeated sexual assaults committed by appellant,
the magistrate could reasonably conclude that appellant was a child sexual abuser. From the
information acquired by the affiant in the course of his training and experience, the magistrate
could reasonably conclude that appellant, as a child sexual abuser, was likely to have
pornographic pictures, films, videotapes, magazines, and negatives in his home. We therefore
hold that the facts stated in the search warrant affidavit were sufficient to support a finding of
probable cause to believe that the items listed in paragraph 3(a), (c), and (d) were to be found in
appellant's residence. The affidavit does not, however, support a finding of probable cause as to
the items named in paragraph 3(b), (e), (f), (g), and (h) of the search warrant application. As
there is no mention of any of these items in the probable cause affidavit, the magistrate obviously
had no basis for concluding that they could be found in appellant's residence.

 Turning to the evidence introduced in this cause, we find that appellant's
supplemental motion to suppress was properly overruled with respect to the videotapes of
appellant engaging in sexual activity with his son (State's exhibits 2, 6, 8, 9, 15, and 18), the
photographs taken from the videotapes (State's exhibits 7, 11, 12, 13, 14, 16, 17, 19, and 20),
and the photographs of the interior of appellant's safe, showing videotapes and a naked picture
of appellant's son (State's exhibits 23 and 24). The search warrant affidavit gave the magistrate
probable cause to believe that such items could be found in appellant's residence and the search
warrant authorized their seizure. The magistrate also had probable cause to believe petroleum
jelly (State's exhibit 25) would be found in appellant's residence and therefore the supplemental
motion to suppress on this ground was properly overruled. (4) The district court erred in overruling
appellant's supplemental motion to suppress with respect to the note card (State's exhibit 26). 
Nothing in the search warrant affidavit gave the magistrate probable cause to believe that such an
item would be found in appellant's residence. Appellant waived any error in the admission of
State's exhibits 21 (camera tripod) and 22 (additional videotape cassettes) by stating that he had
no objection when the exhibits were offered in evidence. James v. State, 772 S.W.2d 84, 97
(Tex. Crim. App. 1989).

 Although we find that State's exhibit 26 was erroneously admitted, we believe that
the error was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). While the note
card, with its sexual message, was obviously prejudicial to appellant, its impact on the jury must
be considered in light of the other evidence. Considering the testimony of the two complainants
and the photographs of appellant engaged in sexual conduct with his son, and also considering
appellant's testimony at the punishment stage admitting the commission of the sexual assaults of
his son, (5) we are satisfied beyond a reasonable doubt that the erroneous admission of State's exhibit
26 did not contribute to the conviction or to the punishment assessed.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: November 22, 1995

Do Not Publish
1.   Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312
amended by Act of May 27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412
(Tex. Penal Code Ann. § 22.011, since amended); Act of May 26, 1987, 70th Leg., R.S., ch.
573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch.
16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended).


 This cause originated in McCulloch County but was tried as cause number 7513 in the
33rd Judicial District Court of Burnet County on a change of venue. After trial, the cause was
ordered returned to McCulloch County. Tex. Code Crim. Proc. Ann. art. 31.08 (West Supp.
1995). 
2.   Appellant also complains that there is no basis in the affidavit for concluding that
BWT's statements were timely or reliable. These contentions were not made in appellant's
supplemental motion to suppress and there is nothing in the record to indicate that they were
ever presented to the district court. We conclude that these contentions are not properly
before us. Tex. R. App. P. 52(a). 
3.   Paragraph nine does not describe the precise nature of "these materials." When the
search warrant application is read as a whole and in a common-sense manner, however, it
is clear that the affiant was referring to pictures, videotapes, magazines, etc., depicting
children in sexually explicit positions.
4.   The search warrant did not authorize the seizure of the petroleum jelly, however, and
a motion to suppress on this ground would have been meritorious. See Scoggan v. State, 736
S.W.2d 239, 244-45 (Tex. App.--Corpus Christi 1987), rev'd on other grounds, 799 S.W.2d 679
(Tex. Crim. App. 1990) (plain view doctrine does not authorize seizure of mere evidence not
described in evidentiary search warrant). If this error were properly before us, we would find the
admission of the exhibit to be harmless error beyond a reasonable doubt.
5.   Appellant denied engaging in sexual conduct with BWT.



11, 12, 13, 14, 16, 17, 19, and 20),
and the photographs of the interior of appellant's safe, showing videotapes and a naked picture
of appellant's son (State's exhibits 23 and 24). The search warrant affidavit gave the magistrate
probable cause to believe that such items could be found in appellant's residence and the search
warrant authorized their seizure. The magistrate also had probable cause to believe petroleum
jelly (State's exhibit 25) would be found in appellant's residence and therefore the supplemental
motion to suppress on this ground was properly overruled. (4) The district court erred in overruling
appellant's supplemental motion to suppress with respect to the note card (State's exhibit 26). 
Nothing in the search warrant affidavit gave the magistrate probable cause to believe that such an
item would be found in appellant's residence. Appellant waived any error in the admission of
State's exhibits 21 (camera tripod) and 22 (additional videotape cassettes) by stating that he had
no objection when the exhibits were offered in evidence. James v. State, 772 S.W.2d 84, 97
(Tex. Crim. App. 1989).

 Although we find that State's exhibit 26 was erroneously admitted, we believe that
the error was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). While the note
card, with its sexual message, was obviously prejudicial to appellant, its impact on the jury must
be considered in light of the other evidence. Considering the testimony of the two complainants
and the photographs of appellant engaged in sexual conduct with his son, and also considering
appellant's testimony at the punishment stage admitting the commission of the sexual assaults of
his son, (5) we are satisfied beyond a reasonable doubt that the erroneous admission of State's exhibit
26 did not contribute to the conviction or to the punishment assessed.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: November 22, 1995

Do Not Publish
1.   Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312
amended by Act of May 27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412
(Tex. Penal Code Ann. § 22.011, since amended); Act of May 26, 1987, 70th Leg., R.S., ch.
573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch.
16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended).


 This cause originated in McCulloch County but was tried as cause number 7513 in the
33rd Judicial District Court of Burnet County on a change of venue. After trial, the cause was
ordered returned to McCulloch County. Tex. Code Crim. Proc. Ann. art. 31.08 (West Supp.
1995). 
2.   Appellant also complains that there is no basis in the affidavit for concluding that
BWT's statements were timely or reliable. These contentions were not made in appellant's
supplemental motion to suppress and there is nothing in the record to indicate that they were
ever presented to the district court. We conclude that these contentions are not properly
before us. Tex. R. App. P. 52(a). 
3.   Paragraph nine does not describe the precise nature of "these materials." When the
search warrant application is read as a whole and in a common-sense manner, however, it
is clear that the affiant was referring to pictures, videotapes, magazines, etc., depicting
child