*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

Nos. 04-08-00628-CR & 04-08-00629-CR

Victor **PARDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2005-CR-3500 & 2008-CR-5911W
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  June 17, 2009

AFFIRMED

Victor Pardo appeals from the denial of his motion to suppress in Trial Court No. 2005-CR-3500 (in which his probation was revoked) and Trial Court No. 2008-CR-5911 (in which he pled no contest). In one issue, Pardo contends the trial court erred in denying his motion to suppress because the search of his home, in which cocaine was found, was conducted pursuant to a warrant that was obtained in violation of the Texas and United States Constitutions. We affirm Pardo's convictions for possession with intent to deliver a controlled substance.

**DISCUSSION**

*1.     Standard of Review*

A magistrate's decision to issue a search warrant is subject to a deferential review. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). This deferential standard promotes the United States Supreme Court's stated policy of preserving the incentive to peace officers to obtain a warrant instead of conducting warrantless searches. *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984). "Thus, even in close cases we give great deference to a magistrate's determination of probable cause to encourage police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement." *Rodriguez v. State*, 232 S.W.3d 55, 59-60 (Tex. Crim. App. 2007).

In an application for a search warrant, the affiant must set forth substantial facts establishing probable cause. TEX. CODE CRIM. PROC. ANN. arts. 1.06 (Vernon 2005), 18.01(b) (Vernon Supp. 2008). The facts in the affidavit must be sufficient to justify a conclusion that the object of the search is probably on the premises when the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). We determine the sufficiency of the affidavit by considering the totality of the circumstances set forth within the four corners of the affidavit. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). Reasonable inferences, however, may be drawn from the affidavit, and the affidavit must be interpreted in a realistic manner. *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987).

In conducting a judicial review, we must take into account that many warrants are issued on the basis of nontechnical, common-sense judgments of laymen applying a standard less demanding than that used in formal legal proceedings. *Rodriguez*, 232 S.W.3d at 61. And, the issue is not

whether as much information that could have been put into an affidavit was actually in the affidavit; rather, the question is whether there are sufficient facts, along with inferences from those facts, to establish a "fair probability" that evidence of a particular crime will likely be found at a certain location. *Id.* at 62, 64.

2.     *Analysis*

Pardo urges reversal of his convictions because the affidavit upon which the warrant was issued did not establish probable cause. Pardo points out that the confidential informant who provided the officer with information was not credible because criminal charges were pending against him and he was familiar with illegal drugs. Pardo especially takes issue with the affidavit because it is apparent the officer obtained the information from a first-time confidential informant. According to Pardo, the officer who made the affidavit did not establish the reliability of the confidential informant. Further, Pardo faults the affidavit for stating only that the informant had seen drugs at the location in question and for not stating where the drugs were, how much of the illegal substance was at the location, or the probability of the drugs still being on the premises up to forty-eight hours later. And, Pardo states that, although the officer testified at the hearing that he had conducted surveillance to corroborate the confidential informant's information, that information was not contained in the warrant.[1]

We turn now to the affidavit of Detective Tony Patterson, which states, in pertinent part:

Affiant did on the 08th day of May 2008, receive information from a credible individual who is currently facing pending criminal charges and provided the information with the expectation that his/her cooperation with law enforcement

---

[1] We note that Pardo raises for the first time on appeal the issue of whether the search warrant was issued for "mere evidence" in violation of article 18.01(c) of the Texas Code of Criminal Procedure. Because Pardo did not present this issue to the trial court, he has waived it on appeal. *See Santellan v. State*, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997).

would, if proven valid, be called to the attention of authorities, for the possible dismissal of charges, or a favorable plea bargain sentence.

Law enforcement officers other than what has been stated have not promised the cooperating individual anything in exchange for his/her information. I believe that in this instance it adds to the credibility of the individual, because he/she will not benefit if his/her information does not prove valid.

I explained to the cooperating individual that it jeopardizes his/her opportunity for leniency if law enforcement believes or discovers that he/she has provided incorrect information in a bad faith attempt to obtain leniency. The credible individual's statement to me that the information is true enhances the probability that the information is correct.

I also explained to the credible individual Texas Penal Code Statute 37.08, False reports to police officer. Describing the possible criminal penalties for giving false information to law enforcement. The credible individual said he/she understood, and continued to maintain that the information is correct.

I know that this credible individual is familiar with various controlled substances, to include cocaine, and he/she knows how cocaine looks and smells, and how it is packaged, sold and used. The credible individual has demonstrated his/her knowledge to me in conversation and this knowledge is consistent with my own experience and knowledge regarding this type of controlled substance.

The credible individual stated that he/she had observed <u>Pardo, Victor</u> in possession of cocaine within the past forty eight hours at 2614 W Martin in Bexar Co. Tx. The credible individual also positively identified the listed location. The credible individual positively identified the named individual from a mug shot from the SAPD database. The credible individual also describe the vehicle the named individual uses to sell his narcotics, (brown Ford Expedition). Pardo, Victor has the listed address in the Sapd master name file. Pardo, Victor is currently on probation for possession c/s w/int deliver 4-200 g. Surveillance was conducted at the listed location and numerous vehicles were seen arriving at the location and then leaving a short time later, this being consistent with drug transactions.

It is apparent, as Pardo argues and the State concedes, that the officer in this case was relying on a first-time confidential informant. Where the officer is confronted with a first-time informer whom he describes only as a reliable and credible person, such statement is, standing alone, an insufficient conclusory statement. *Abercrombie v. State,* 528 S.W.2d 578, 583-84 (Tex. Crim. App.

1975). The absence of an allegation of prior reliability is not, however, "ipso facto a fatal defect in the affidavit." *Id.* The proper inquiry is whether the informant's present information is truthful and reliable. *Id.* at 583 n.1 (citing *United States v. Harris*, 403 U.S. 573 (1971)). Some factors bearing on a first-time informer's reliability and credibility often found in affidavits involving first-time informers are "the presence or absence of a criminal record, reputation in the community, reputation with associates, position in community." *Id.* at 584. The officer in the case herein did not rely on these enumerated factors; thus, we must look to the affidavit to determine if there are other factors present from which it can be determined that the confidential informant is reliable and credible. *See id.*

It is apparent from reviewing the affidavit that the detective was aware he was required to establish the reliability and credibility of the informer. Thus, he set forth the underlying circumstances that he believed he needed to convince the magistrate of the informer's credibility. Those circumstances consisted of the fact that the informer was facing criminal charges and expected that his or her cooperation, if proven valid, could work to his advantage in his own criminal prosecution. Further, the detective set forth that he believed the informer was credible because the informer was made aware that he or she would not benefit if the information did not prove valid and, further, the informer understood that a bad faith attempt to obtain leniency would jeopardize his or her opportunity for leniency. Moreover, the detective stated the informer was made aware of criminal penalties for giving false information to law enforcement.

The detective further set forth grounds for the informer's credibility by stating that the informer had demonstrated to the detective his or her knowledge about cocaine, how it looks, smells, is packaged, is sold, and is used. And, ultimately, the informer was able to identify Pardo from a

mug shot and also identify (1) the vehicle Pardo used to sell narcotics and (2) Pardo's address as the location where the informer observed Pardo in possession of cocaine within the past forty eight hours. Thus, although Pardo argues the informer's pending criminal charges and familiarity with drugs indicate a lack of credibility, the detective making the affidavit used those facts to help demonstrate to the magistrate why such circumstances proved the credibility of the informer. Given that the magistrate is entitled to make "all reasonable and commonsense inferences and conclusions that the affidavit facts support," *Rodriguez*, 232 S.W.3d at 64, we must defer to the magistrate's finding of probable cause in this case.

The magistrate, however, was not only presented with the information the detective obtained from the informer, but was also presented with verifying information in the affidavit. Although Pardo argues that the information regarding the detective conducting surveillance on Pardo's house was not contained in the affidavit, it is, in fact, contained in the affidavit. The detective states in the affidavit that, after obtaining information from the confidential informant regarding Pardo's drug possession, he ascertained that Pardo was currently on probation for possession of a controlled substance with intent to deliver. Further, the detective stated he conducted surveillance at Pardo's house and observed numerous vehicles arriving and then leaving a short time later, in a manner consistent with drug transactions.

Finally, Pardo faults the detective's affidavit for not stating specifically where the drugs were located, how much of the illegal substance was at the location, or the probability of the drugs still being at the location forty-eight hours later. However, as the Court of Criminal Appeals has noted, our focus is not on whether as much information that could have been put into an affidavit was actually in the affidavit, but rather whether the magistrate's determination was based upon all

reasonable and commonsense inferences and conclusions that the affidavit facts support. *Rodriguez*, 232 S.W.3d at 64.

    Applying the proper standard of review for the sufficiency of a search warrant affidavit, we find no error and affirm the trial court's judgments.

                                         Karen Angelini, Justice

Do not publish