Barron Lee BOYINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0114–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 14, 1985.

Randy Schaffer, Houston, for relator-appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Richard Anderson, Harris County Asst. Dist. Atty., Houston, for appellee.

Before WARREN, SAM BASS and DUNN, JJ., concur.

## OPINION

WARREN, Justice.

Appellant was tried before a jury and convicted on an indictment of arson causing bodily injury. After finding a single enhancement paragraph true, the jury assessed the appellant's punishment at confinement in the Texas Department of Corrections for 50 years. Appellant brings four grounds of error alleging insufficiency of the evidence, fundamental error in the indictment, the submission of a special issue to the jury not alleged in the indictment, and ineffective assistance of counsel.

On August 24, 1984, appellant was indicted in Harris County for the offense of first degree arson with an enhancement paragraph. Tex.Penal Code Ann. sec. 28.02(c) and sec. 12.42(c) (Vernon Supp.1985). Appellant's subsequent motion to suppress a written confession was denied by the court.

At trial, the State introduced evidence showing that on August 12, 1984, at approximately 3:00 a.m., someone threw an incendiary firebomb, commonly called a "Molotov Cocktail," into the apartment dwelling of Robert Anderson and his family. The explosion set the apartment on fire and burned the legs of Anthony Anderson as he watched television and burned the hair, neck, and chest of Lee Anna Anderson as she was fleeing the burning apartment.

The testimony of Lee Anna Anderson showed that once she was outside her apartment, she saw a cross burning in the grass and three people driving away in a blue car. An arson investigator testified that he found the remains of a "Molotov Cocktail" about ten feet outside the apartment and smelled the odor of gasoline. He also found a charred white hood outside the front door and a cross burned into the grass.

An acquaintance of the appellant, Carol Legan, testified that at approximately 10:00 p.m. of August 12, 1984, the appellant admitted to her that he threw the firebomb into the Anderson apartment and made the cross on the grass. Appellant's written statement, signed by him on August 13, 1984, reflected that the appellant and two accomplices purchased gasoline at a convenience store, poured it into four wine bottles, put wicks in the tops of three bottles, and poured gasoline in the shape of a cross in front of the Anderson apartment. The appellant and his accomplices each lit a bottle, threw them into the apartment and then ran away.

■ Appellant's second ground of error claims that the evidence was insufficient to show that appellant intentionally, knowingly, or recklessly caused bodily injury to the complainants because the State introduced and failed to disprove appellant's exculpatory written statement reflecting only an intent to scare.

Appellant contends that the State is required to prove that he intentionally, knowingly, or recklessly caused bodily injury during the act of arson before the case can be elevated to a first degree felony. He further contends that since the only evidence showing appellant's state of mind was his unrefuted, exculpatory statement alleging that he only meant to scare the parties, that the State has failed in its proof.

First, an intention to cause bodily injury to persons is not a requisite to elevating an arson case to a first degree felony. Although, there are apparently no cases directly considering the elevation of an arson case from a second to first degree felony by reason of the victims sustaining bodily injury, the State cites comparable cases involving other crimes where it has been held that a culpable mental state as to the aggravating circumstance of injury was not necessary to elevate the offense.

Tex.Penal Code, sec. 28.02 provides:

(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle:

(1) knowing that it is within the limits of an incorporated city or town;

(2) knowing that it is insured against damage or destruction;

(3) knowing that it is subject to a mortgage or other security interest;

(4) knowing that it is located on property belonging to another;

(5) knowing that it has located within it property belonging to another, or

(6) when he is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another.

A plain reading of the statute reveals no express or implied requirement of a culpable mental state.

Like statutes providing for the elevation of an offense to a higher degree when certain aggravating circumstances occur, have been held not to require a culpable mental state as to the aggravating circumstance.

Tex.Penal Code sec. 29.03 (Vernon 1974) provides that a person commits aggravated robbery if he commits robbery as defined in sec. 29.02 and in addition uses or exhibits a deadly weapon or causes serious bodily injury to another. The additional act of causing serious bodily injury or exhibiting a deadly weapon elevates the offense from a second degree felony to a first degree felony. In *Bilbrey v. State,* 594 S.W.2d 754 (Tex.Crim.App.1980) the court held that it was unnecessary to allege that the defendant intentionally and knowingly exhibited a deadly weapon in order to elevate the case from second to a first degree felony.

The Court of Criminal Appeals has also held that there is no necessity to allege a culpable mental state to raise the penalty for the offense of carrying a handgun on any premises licensed for the sale or service of liquor; and that allegation of the intent to carry a handgun is sufficient. *Uribe v. State,* 573 S.W.2d 819 (Tex.Crim. App.1978); Tex.Penal Code Ann. sec. 46.-02(c) (Vernon 1974). In *Taylor v. State,* 632 S.W.2d 697 (Tex.App.—Ft. Worth 1982, pet. ref'd), *appeal dism'd,* 459 U.S. 1081, 103 S.Ct. 562, 74 L.Ed.2d 927 (1982), the court held that to establish the offense of first degree burglary, the State was only required to prove culpable mental state in the commission of the burglary, and was not required to prove culpable mental state in the commission of injury to another.

We hold that the State was not required to plead or prove a culpable mental state regarding appellant's injury to Anna Anderson.

This ground of error is overruled.

 In his fourth ground of error appellant claims that he was denied effective assistance of counsel at trial and describes seven areas of the trial which equate with ineffective assistance of counsel.

The standard of "reasonably effective assistance of counsel" is used to test the adequacy of representation afforded an accused by appointed as well as retained counsel when the performance is to be judged by the sixth amendment right to assistance of counsel made applicable to the states by the fourteenth amendment and by the "right to be heard" provision of article I, section 10, Bill of Rights, Constitution of Texas. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980). In applying the standard of reasonably effective assistance, the adequacy of counsel's service must be gauged by the totality of the representation. *Ex parte Raborn,* 658 S.W.2d 602 (Tex.Crim.App.1983); *Archie v. State,* 615 S.W.2d 762 (Tex.Crim.App.1981). The constitutional right to counsel does not mean errorless counsel. *Ex parte Robinson,* 639 S.W.2d 953 (Tex.Crim.App.1982); *Mercado v. State,* 615 S.W.2d 225 (Tex. Crim.App.1981).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court outlined a two part approach to determine whether trial counsel rendered reasonably effective assistance. The appellant must first show that the trial counsel's performance was deficient. Second, the appellant must show that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial, a trial with a reliable result. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* 104 S.Ct. at 2068. Even if a defendant shows that particular errors of

counsel were unreasonable, the defendant must go further and affirmatively show that they actually had an adverse effect on the defense. *Id.* at 2068.

In his attempt to show ineffective assistance of counsel, appellant contends that the trial counsel failed to object to the admission of appellant's written confession on the ground that it was the fruit of an unlawful warrantless arrest. *Taylor v. Alabama,* 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982). The trial counsel did file a motion to suppress the appellant's written confession on the basis that the confession was involuntary. After listening to the testimony presented at the pretrial hearing, the trial judge denied the motion to suppress. Now the appellant forcefully argues that the confession should have been excluded because it was the fruit of an unlawful arrest. It is clear that under the fourth amendment to the United States Constitution, a warrantless arrest of a person in his own home is per se unreasonable absent exigent circumstances. *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In Texas, the authority to conduct a warrantless arrest is controlled exclusively by statute. *Lott v. State,* 686 S.W.2d 304 (Tex.App.—Houston [1st Dist] 1985, no pet.); Tex.Code Crim.P.Ann. art. 14.04 (Vernon 1977). Had the trial counsel raised in his motion to suppress that the defendant's warrantless arrest violated art. 14.04 of the Texas Code of Criminal Procedure, the state would have had to establish first, a showing of probable cause that a person has committed or is about to commit a felony, and second, that such person is about to flee. *Honeycutt v. State,* 499 S.W.2d 662 (Tex. Crim.App.1973); *Lott,* 686 S.W.2d at 307.

The sufficiency of probable cause is determined on a case by case basis. *Woodward v. State,* 668 S.W.2d 337, 345 (Tex. Crim.App.1982) (op. on reh'g.), *cert. denied,* 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). The record in our case reveals that arson investigators recovered the remains of a Molotov Cocktail a few feet outside the apartment as well as the remnants of a charred white hood. There was also clear evidence of a cross having been burned into the grass outside the complainant's burned out apartment. Further, there is the testimony of witness, Carol Legan, who claimed that the appellant admitted to her later the same day that it was the appellant and two accomplices who firebombed the apartment. The trial court would have to weigh the correctness of the arresting officers' decision to rely on the reliability and credibility of Carol Legan's information in establishing probable cause. *See Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Woodward,* 668 S.W.2d at 345. Even if the trial court found that the arresting officers had probable cause, the statute requires a showing that the officer was acting upon satisfactory proof from representations by a credible person that the felony offender is about to escape so that there is no time to obtain a warrant. *Fry v. State,* 639 S.W.2d 463, 476 (Tex.Crim.App.1982) *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1430, 75 L.Ed.2d 790 (1983). The only reference in the record that the appellant was about to escape was testimony from the arson investigator that he "felt" appellant would flee.

Whether or not the requirements of art. 14.04 were met, the next problem is whether the written statement obtained from the appellant was tainted by the illegal arrest. There are well-established guidelines to determine whether the taint connecting the illegal arrest and the confession has been attenuated: (1) whether *Miranda* warnings were given; (2) the temporal proximity of the arrest and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct. *Brown v. Illinois,* 422 U.S. 590, 603–05, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975); *Green v. State,* 615 S.W.2d 700, 708 (Tex.Crim.App.1980 *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). It is the burden of the state to show the statement was sufficiently purged. *Garrison v. State,* 642 S.W.2d 168, 169 (Tex.Crim.App.1982). The giving of *Miranda* warnings alone will not vitiate the taint of an unlawful arrest. *Brown,* 422 U.S. at 603, 95 S.Ct. at 2261. There must be an intervening event of signifi-

cance to make the confession sufficiently an act of free will to purge the taint of the arrest. *Taylor*, 457 U.S. at 693, 102 S.Ct. at 2668. The record reflects that the appellant was arrested at about 2:00 p.m., taken to the fire station, interrogated, and signed a written confession at about 4:30 p.m. An interval of 13 hours between an illegal arrest and confession has been held not to be sufficient to dissipate the taint. *Garrison*, 642 S.W.2d at 169. *See also Ussery v. State*, 651 S.W.2d 767 (Tex.Crim.App.1983) (five hour interval not sufficient). There is no evidence in the record of an intervening event of significance to dissipate the taint of the arrest. Trial counsel's representation of appellant during this point of the trial was less than adequate. Although we cannot predict whether the warrantless arrest attached on the statement would have been successful, it was a contention that counsel should have made at the trial level.

Appellant next maintains that the trial counsel erred in eliciting the opinion of an arson investigator at the punishment stage that the offense was planned and premeditated. The appellate court cannot second-guess the trial strategy employed by the trial counsel and the fact that another attorney may employ different tactics is insufficient to support a claim of ineffective assistance of counsel. *See Martin v. State*, 623 S.W.2d 391 (Tex.Crim.App.1981); *Sanchez v. State*, 589 S.W.2d 422 (Tex. Crim.App.1979); *Stewart v. State*, 652 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1983, no pet.). But it is difficult to imagine how the testimony could fail to be harmful to appellant.

Appellant also points to the trial counsel's failure to object at the punishment stage to the admission of a penitentiary packet which contained extraneous offenses and his failure to object to the cross-examination of the appellant which elicited testimony concerning inadmissible extraneous offenses. At the punishment stage, the state is permitted to introduce evidence of "prior criminal record" of the defendant. Tex. Code Crim.P.Ann. art. 37.07 (Vernon 1981). The state is not permitted to show extraneous misconduct not resulting in final convictions. *Sherman v. State*, 537

S.W.2d 262, 264 (Tex.Crim.App.1976). It is error to admit over objection proof of alleged prior misconduct for which the defendant's probation was revoked but where the misconduct did not result in a final conviction. *See Hernandez v. State*, 599 S.W.2d 614 (Tex.Crim.App.1980). It is error to admit documents reflecting prior arrests and extraneous offenses which do not result in final convictions. *Ramey v. State*, 575 S.W.2d 535 (Tex.Crim.App.1978). The Court of Criminal Appeals has said that the state may show that the appellant's probation was revoked but not the basis for the revocation unless it resulted in a final conviction that was independently admissible. *Cliburn v. State*, 661 S.W.2d 731 (Tex.Crim.App.1983). Although the evidence complained of was properly admitted during another phase of the trial, it was admitted only because counsel for appellant without any plausible reason, presented character witnesses, thus allowing the inadmissible deeds to become admissible.

The appellant next complains that the trial counsel failed to object to the state's final argument which indirectly invited the jury to consider parole when assessing punishment. The record shows that appellant testified, in response to specific question by the prosecutor on cross-examination, unobjected to by appellant's counsel, that he had served three months in prison on a two year sentence. In his final argument, the prosecutor artfully reminded the jury of the parole laws by saying, "His mother picks him up at the Texas Department of Corrections three months after he is sentenced to two years on a motion to revoke his probation." Although the argument was improper, trial counsel made no objection.

Finally, the appellant argues that the trial counsel's failure to object to the prosecutor's final argument in which he asked the jurors to put themselves in the place of the victims constituted ineffective assistance of counsel. We agree. There are four areas of proper jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea

for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296 (Tex.Crim.App.1980). To determine whether the argument complained of constitutes reversible error, the reviewing court must consider in light of the record as a whole, if the argument is extreme or manifestly improper, it is a violative of a mandatory statute, or it injects new facts, harmful to the accused, into the trial proceedings. *Brandley v. State,* 691 S.W.2d 699 (Tex.Crim.App.1985); *Goocher v. State,* 633 S.W.2d 860 (Tex. Crim.App.1982) *appeal dismissed,* 459 U.S. 807, 103 S.Ct. 32, 74 L.Ed.2d 46; *Todd,* 598 S.W.2d at 297.

Appellate courts have specifically held that it is improper for a prosecutor to ask members of the jury to place themselves in the shoes of the victim. *United States v. Cook,* 592 F.2d 877 (5th Cir.1979), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979); *Chandler v. State,* 689 S.W.2d 332 (Tex.App.—Fort Worth 1985, no pet.). During summation at the punishment stage, the prosecutor argued:

> This is called a punishment hearing. That is why you are here today. If you are going to go back there and show leniency, that's fine. But please have a good reason for it. Because what would you do if this happened to your family? You know, all of you have got families here and you have got kids and you have got a home. How would you feel if your home was firebombed one night and you saw your children on fire? What do you think should happen to a person like Barron Lee Boyington, that does something like that? And it is your opportunity to say, "Barron Lee Boyington, you have no right to do what you did to that Anderson family, and we aren't going to put up with it." So please put yourself in that place when you are deciding this. *Put yourself in the place of that Anderson family and imagine that was your family that was firebombed in the middle of the night. Imagine that it was your son that has his legs on fire. Imagine that it was your home that was burned out. Would you want mercy shown? Would you want leniency shown? ....*

> *And please keep in the forefront of your mind just like it was your family that received the fire bomb and you are in a den at 3:00 a.m. on a hot summer evening.* Keep that in the forefront of your mind and just think what you would want to happen in that situation. (Emphasis added)

This prosecutor's jury argument continued over several pages in the statement of facts. During these remarks the defendant's trial counsel raised no objection. Shortly afterwards, the jury assessed a punishment at 50 years' confinement. In *Brandley,* the state's attorney told the jury that "it is fair for you to think about the feelings of the father who lost his baby daughter and it is fair for you to think about how you would feel if you lost your children in considering...." The trial counsel's immediate objection to these remarks was sustained. The Court of Criminal Appeals held that given the record as a whole and the timely instruction to disregard, the argument did not require reversal. *Brandley,* 691 S.W.2d at 713. However, in the instant case, there was no objection and no instruction to disregard. Also, the prosecutor's urgings were much stronger and more repeated. The repeated urging for the jury to put themselves in the shoes of the victim, unchallenged by any objection, could only be designed to inflame the passions of the jury. After reviewing the record as a whole, the inescapable conclusion is that the prosecutor's argument exceeds the permissible boundaries for a jury argument and is manifestly improper, *Todd,* 598 S.W.2d at 296, and that defense counsel's failure to object denied appellant his right to effective counsel.

A criminal defense lawyer must have a command of the facts of the case and the governing law before he or she can render reasonably effective assistance to the client. *Ex parte Lilly,* 656 S.W.2d 490 (Tex.Crim.App.1983); *Ex parte Ybarra,* 629 S.W.2d 943 (Tex.Crim.App.1982); *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim. App.1980). The Court of Criminal Appeals has held that an accused may be denied effective assistance of counsel because of

errors occurring solely in the punishment phase of trial. *See Ex parte Scott*, 581 S.W.2d 181 (Tex.Crim.App.1979). That same court has also held that some isolated omissions may so affect the outcome of a particular case as to undermine the reliability of the proceedings. *See May v. State*, 722 S.W.2d 699 (Tex.Crim.App.1984). *See also Nero v. Blackburn*, 597 F.2d 991, 994 (5th Cir.1979). In the present case, the appellant does not rely on only a single omission, but instead points with specificity to numerous errors and omissions of the trial counsel which lead to the conclusion that there is a reasonable probability that, but for the trial counsel's errors, the result of the proceeding would have been different. We hold that appellant received ineffective assistance of counsel, sustain appellant's fourth ground of error, and hold that the fourth ground as a whole shows that appellant's representation at trial was ineffective under the tests promulgated in *Strickland v. Washington.*

As our determination of this ground of error controls our disposition of this case, we will not consider appellant's remaining grounds.

Reversed and remanded.