ACCEPTED
14-15-00259-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/18/2015 5:19:27 PM
CHRISTOPHER PRINE
CLERK

Cause No. 14-15-00259-CR

IN THE COURT OF APPEALS
FOR THE
FOURTEENTH JUDICIAL DISTRICT OF TEXAS
AT HOUSTON

RECEIVED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/18/2015 5:19:27 PM
CHRISTOPHER A. PRINE
Clerk

JORDAN NICHOLS,
Appellant,

v.

THE STATE OF TEXAS,
Appellee.

Appeal from Cause No. 194143
In the County Court at Law No. 4 of
Brazoria County, Texas

APPELLANT'S BRIEF

CARMEN ROE
CARMEN ROE LAW FIRM
TBN: 24048773
440 Louisiana, Suite 900
Houston, Texas 77002
713.236.7755 Phone
713.236.7756 Fax
carmen@carmenroe.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

## IDENTIFICATION OF INTERESTED PARTIES

Pursuant to TEX.R.APP.P. 28.1(a), a complete list of the names and addresses of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Counsel for Defendant**:
Robert Miller
1346 W. Broadway Street
Pearland, Texas 77581

**Counsel on Appeal for Appellant:**
Carmen Roe
Carmen Roe | Law Firm
440 Louisiana, Suite 900
Houston, Texas 77002

**Counsel for the State**:
Jerri Yenne
Brazoria County District Attorney's Office
111 E. Locust Street
Angleton, Texas 77515

**Trial Judge**:
Honorable Lori Rickert
County Court at Law No. 4
Brazoria County Texas

# TABLE OF CONTENTS

Page

IDENTIFICATION OF INTERESTED PARTIES.........................................2

INDEX OF AUTHORITIES .............................................................5

STATEMENT REGARDING ORAL ARGUMENT ..................................9

STATEMENT OF THE CASE ..........................................................9

APPELLANT'S POINTS OF ERROR ...............................................11

STATEMENT OF THE FACTS .......................................................12

SUMMARY OF THE ARGUMENT...................................................13

APPELLANT'S POINT OF ERROR NUMBER ONE...........................14

> *Appellant's guilty plea was involuntarily and unknowingly entered as a result of trial counsel's failure to advise him that the stop that formed the basis for an illegal detention, and that yielded the contraband forming the basis of his arrest and plea was illegal and violated the Fourth Amendment to the United States Constitution, Art. I, § 9 of the Texas Constitution and Art. 38.28 of the Texas Code of Criminal Procedure.*

APPELLANT'S POINT OF ERROR NUMBER TWO...........................14

> *Appellant was denied the effective assistance of counsel when trial counsel failed to perform an adequate legal and factual investigation.*

STATEMENT OF THE FACTS..........................................................14

A. The Writ Hearing.....................................................................14

    1. Appellant's Post-Conviction Writ Exhibits............................14

2. Conflicting Affidavits and File of Robert Miller…………………15

B. Applicant's Plea of Guilty…………………………………………18

ARGUMENTS AND AUTHORITIES…………………………………19

    A. Standard of Review: Ineffective Assistance of Counsel…………19

    B. Standard of Review: Involuntary Guilty Pleas……………...…23

    C. Trial Court Determinations Unsupported By The Record Are Not Entitled to Deference……………………………………………..24

    D. Counsel's Performance Was Objectively Deficient……………..27

        1. Counsel's Failure to Advise Appellant That The Detention That Yielded Contraband Was Constitutionally Flawed Was Objectively Deficient Conduct………………………27

        2. Illegal Detention: Did Not Commit a Traffic Offense……28

        3. A Motion to Suppress If Filed Would Have Been Successful…………………………………………………...33

E. Prejudice…………………………………………………………..34

F. Conclusion……………………………………………………...36

CONCLUSION AND PRAYER………………………………………37

CERTIFICATE OF SERVICE………………………………………38

CERTIFICATE OF COMPLIANCE…………………………………...38

# INDEX OF AUTHORITIES

**CASES**                                                                                         **PAGE**

*Ballard v. State*, 987 S.W.2d 889 (Tex. Crim. App. 1999)……………..…..28

*Boyington v. State*, 738 S.W.2d 704 (Tex. App. – Houston [1st Dist.] 1985, no pet.)………………………………………………………………. 27,33

*Cannon v. State*, 668 S.W.2d 401 (Tex. Crim. App. 1984)……………......19

*Cardenas v. State*, 960 S.W.2d 941 (Tex. App. – Texarkana 1998)……….23

*Cooper v. State*, 769 S.W.2d 301 (Tex. App. – Houston [1st Dist.] 1989)...20

*Duncan v. Ornoski*, 528 F.3d 1222 (9th Cir. 2008)………………………...25

*Ex parte Amezquita*, 223 S.W.3d 363 (Tex. Crim. App. 2006)…………...26

*Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005)……………..34

*Ex parte Felton*, 815 S.W.2d 733 (Tex. Crim. App. 1991)……………...20

*Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)…………………24

*Ex parte Lilly*, 656 S.W.2d 490 (Tex. Crim. App. 1983)…………………..21

*Ex parte Moody,* 991 S.W.2d 856 (Tex. Crim. App. 1999)……………22,34

*Ex parte Peterson*, 117 S.W.3d 804 (Tex. Crim. App. 2003)………..……23

*Ex parte Richardson*, 70 S.W.3d 865 (Tex. Crim. App. 2002)……………23

*Ex parte Welborn*, 785 S.W.2d 391 (Tex. Crim. App. 1990)…..…..21,24,32

*Ex parte Wolfe*, 296 S.W.3d 160 (Tex. App.- Houston [14th Dist.] 2009, pet. ref'd)……………………………………………………………36

*Ex parte Zepeda*, 819 S.W.2d 874 (Tex. Crim. App. 1991)………………19

*Flowers v. State*, 951 S.W.2d 883 (Tex. App. – San Antonio 1997)……...34

*Gonzalez v. State*, 369 S.W.3d 851 (Tex.Crim.App. 2012)………………..28

*Goudeau v. State*, 209 S.W.3d 713 (Tex. App. – Houston [14th Dist.] 2006)……………………………………………………………………………28

*Griffin v. Warden*, 970 F.2d 1355 (4th Cir. 1992)………………………….25

*Hill v. Lockhart*, 474 U.S. 52 (1985)…………………………………..22,35,36

*Hinton v. Alabama*, 571 S. Ct. 1081 (2014)…………………….……….32

*Jackson v. State*, 857 S.W.2d 678 (Tex. App.-Houston [14th Dist.] 1993)..

*Kimmleman v. Morrison*, 477 U.S. 365 (1986)…………………………….25

*Lloyd v. Whitley*, 977 F.2d 149 (5th Cir. 1992)…………………………….24

*McMann v. Richardson*, 397 U.S. 759 (1970)……………………….22,34

*Melton v. State*, 987 S.W.2d 72 (Tex. App. – Dallas 1998)…..….25,28,33,36

*Mincey v. Arizona*, 437 U.S. 385 (1978)…………………………………29

*Miniel v. State*, 831 S.W.2d 310 (Tex. Crim. App. 1992)…………………..19

*Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999)………………………....26

*Nero v. Blackburn*, 597 F.2d 991 (5th Cir. 1979)…………………..…...21

*North Carolina v. Alford*, 400 U.S. 25 (1970)………………………….23,37

*Robertson v. State*, 187 S.W.3d 475 (Tex. Crim. App. 2006)…………….26

*Rompilla v. Beard*, 545 U.S. 374 (2005)…………………………………21

*State v. Ballman*, 157 S.W.3d 64 (Tex. App.-Fort Worth 2004)…….*passim*

*State v. Patterson*, 291 S.W.3d 121 (Tex. App.-Amarillo 2009)…………32

*Strickland v. Washington*, 466 U.S. 668 (1984)…………………………*passim*

*Tallant v. State*, 866 S.W.2d 642 (Tex. App. – Tyler 1993)………………35

*Terry v. Ohio*, 392 U.S. 1 (1968)……………………………………….29

*Tollett v. Henderson*, 411 U.S. 258 (1973)……………………………..23

*United States v. Lopez-Valdez,* 178 F.3d 282 (5th Cir. 1999)…………….29

*Whren v. U.S.,* 517 U.S. 806 (1996)……………………………………30

*Wilkerson v. State,* 726 S.W.2d 542 (Tex. Crim. App. 1986)………….…20

*Wiggins v. Smith*, 539 U.S. 510 (2003)………………………………...20

## **OTHER SOURCES**

ABA STANDARDS OF CRIMINAL JUSTICE §4-4.1……………………………21

ABA STANDARDS OF CRIMINAL JUSTICE §14-3.2…………………….…24

ART. 1 SEC. 9, TEXAS CONSTITUTION............................................. 10,13,18,27

TEX. CODE CRIM. PROC. 38.23……………………………………..28,35

TEX.R.APP.P. 28.1(a) ................................................................. 2

TEX. TRANS. CODE §542.001………………………………….*passim*

TEX. TRANS. CODE §542.201………………………………..... *passim*

PEARLAND. MUNI. CODE §29-189…………………………….… *passim*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would significantly assist this Court in the decision-making process because this case presents an important question regarding counsel's duty to conduct a reasonable and factual investigation, prior to advising Appellant to plead guilty.

## STATEMENT OF THE CASE

On May 7, 2012, Appellant was charged by information with the misdemeanor offense of possession of marijuana in Cause Number 194143 in the County Court At Law No. 4, Brazoria County, Honorable Lori Rickert, presiding. (1 CR[1] 4). Appellant retained Robert Miller to represent him. (2 RR 31). On August 23, 2012, Appellant pled guilty to the reduced charge of possession of drug paraphernalia after completing a drug awareness class. Punishment was assessed at a $500 fine. (2 RR 7-9).

On September 16, 2014, Appellant filed a misdemeanor post-conviction writ of habeas corpus alleging that the Appellant's plea was involuntary based on the incomplete or inadequate advice of counsel. (1 CR 11). On February 26, 2015, the court conducted a hearing on Appellant's

---

[1] "CR" refers to the Clerk's Record following by page number and "RR" refers to the Reporter's Record followed by page number.

post-conviction writ. (1 RR 5). On February 27, 2015, the trial court denied Appellant's writ of habeas corpus. (1 Suppl. CR[2] 1).

On June 23, 2015, without a request from the trial court, the State filed finding of facts and conclusions of law. (1 Suppl. CR 3). The trial court adopted the State's findings of fact and conclusions of law. (1 Suppl. CR 3).

On March 5, 2015, Appellant's notice of appeal and the trial court's certification of the right to appeal were timely entered. (1 CR 98; 108). This appeal follows.

---

[2] "Supp. CR" refers to the Supplemental Clerk's Record followed by page number.

## APPELLANT'S POINTS OF ERROR

## POINT OF ERROR NUMBER ONE

*Appellant's guilty plea was involuntarily and unknowingly entered as a result of trial counsel's failure to advise him that the stop that formed the basis for an illegal detention, and that yielded the contraband forming the basis of his arrest and plea was illegal and violated the Fourth Amendment to the United States Constitution, Art. I, § 9 of the Texas Constitution and Art. 38.28 of the Texas Code of Criminal Procedure. (1 CR 15)*

## POINT OF ERROR NUMBER TWO

*Appellant was denied the effective assistance of counsel when trial counsel failed to perform an adequate legal and factual investigation. (1 CR 15).*

## STATEMENT OF FACTS

On May 7, 2012 at approximately 4:30 p.m., Appellant, an 18-year old high school student, was exiting the Food Town parking lot located at 7121 Broadway in Pearland, Texas. (1 CR 45). Officer T.W. Madrid of the Pearland Police Department stopped him at the nearby Exxon gas station for failing to signal when exiting the Food Town parking lot. (1 CR 45).

Once stopped, Officer Madrid approached Appellant's vehicle where he smelled the strong odor of fresh marijuana. (1 CR 45). Officer Madrid observed Appellant to be visibly shaking and described him as so shaken he could barely remove his drivers license from his wallet. (1 CR 45). When asked if there was any marijuana in the vehicle, Appellant told Officer Madrid there was a baggie located in the center console. (1 CR 45).

Appellant was placed under arrest and a search of his vehicle revealed a baggie of a green leafy substance in the center console, which measured 0.06 ounces. (1 CR 45). No other drugs or paraphernalia was found in the vehicle.

At Appellant's first court setting a plea agreement was negotiated to reduce the possession of marijuana charge to a possession of drug paraphernalia after Appellant successfully completed a drug awareness class (1 RR 23). On his second court setting, having completed the drug

awareness class, Appellant waived his right to trial and entered a plea of guilty to the reduced charge of Class C misdemeanor possession of drug paraphernalia. (2 RR 9).

## SUMMARY OF THE ARGUMENT

### I. & II.

Appellant was denied the effective assistance of counsel because trial counsel failed to conduct a reasonable pretrial factual or legal investigation that would have provided a meritorious defense to drug charges. Even a cursory review of case law that was available at the time of Appellant's guilty plea would have revealed that no traffic offense was committed and therefore any detention was unlawful. Because trial counsel neither identified the correct legal issue nor researched the law applicable in this case, his conduct was objectively deficient. Because Appellant both relied on trial counsel's advice prior to pleading guilty and suffered harm as a result, counsel's objectively deficient conduct prejudiced the defense.

## ARGUMENT AND AUTHORITIES

## POINT OF ERROR NUMBER ONE (RESTATED)

*Appellant's guilty plea was involuntarily and unknowingly entered as a result of trial counsel's failure to advise him that the stop that formed the basis for an illegal detention, and that yielded the contraband forming the basis of his arrest and plea was illegal and violated the Fourth Amendment to the United States Constitution, Art. I, § 9 of the Texas Constitution and Art. 38.28 of the Texas Code of Criminal Procedure.* (1 CR 15).

## POINT OF ERROR NUMBER TWO (RESTATED)

*Appellant was denied the effective assistance of counsel when trial counsel failed to perform an adequate legal and factual investigation.* (1 CR 15).

## STATEMENT OF FACTS

### *A. The Writ Hearing*

### 1. Appellant's Post-Conviction Writ Exhibits

Appellant's nineteen post-conviction exhibits were admitted without objection at the writ hearing. (1 RR 4). Pertinent exhibits included:

- Transportation Code §545.104: a turn signal is required to indicate an intention to turn when a vehicle is being operated on a *highway*. (2 RR 44)

- Transportation Code §542.201: a local authority may not enact or enforce an ordinance or rule that conflicts with this subtitle unless expressly authorized by this subtitle. (2 RR 74).

14

- Transportation Code §542.001: operation of a vehicle applies only to the operation of a vehicle on a highway. (2 RR 72).

- Pearland Municipal Code §29-189: "no person shall turn any vehicle without first giving an appropriate turn signal in the event any other traffic may be affected by such movement. Such signal of intention to turn right or left, when required, shall be given continuously during not less than one hundred (100) feet by the driver of such vehicle before turning." (2 RR 73).

- *State v. Ballman*, 157 S.W.3d 65 (Tex. App. – Fort Worth 2004, pet. ref'd): the failure to signal from private parking lot onto a public highway did not establish probable cause warranting a traffic stop. (2 RR 48).

- Trial counsel's three affidavits. (2 RR 7,63,71).

- Appellant's trial file. (2 RR 29-42).

## 2. Conflicting Affidavits and Trial Counsel's File

Undersigned counsel met with Appellant's trial counsel, on May 27, 2014 regarding his representation of Appellant. (1 RR 88). At that time trial counsel provided a complete copy of the file maintained in his office for Appellant's case. On July 8, 2014 Undersigned counsel sent an affidavit to trial counsel, which memorialized the conversation regarding his representation in this case, specifically the affidavit addressed the issue identified by trial counsel. After reviewing same, trial counsel emailed the signed affidavit. (1 RR 65).

In the July 19th affidavit trial counsel identified the issue in Appellant's case as the following:

 "I researched the case law as to the legality of Mr. Nichols' traffic stop and felt it was a bad stop because my interpretation of the relevant case law was that **he was only required to use his turn signal within the last 100 feet before the turn, even when pulling into a turn-only lane**". (2 RR 65; Exhibit 18)(emphasis added).

Undersigned counsel subsequently called trial counsel and advised him that he had in fact identified the wrong issue in this case, because the actual issue was not that Appellant was required to use a turn signal within the last 100 feet before the turn but rather, whether or not Appellant was required to use a turn signal when exiting from a private drive onto a public roadway. (1 RR 67).

On August 22, 2014, trial counsel was sent an updated affidavit memorializing this conversation where Undersigned counsel advised him of the legal issue impacting the traffic stop. (1 RR 68). Undersigned counsel proffered an un-admitted affidavit dated July 21, 2014 that identified the issue in this case as:

 "I researched case law about the legality of the traffic stop and at the time I believed it was a bad stop because Mr. Nichols was only required to use his turn signal within the last 100 feet before the turn, even when pulling into a turn-only lane. **However, I am now aware that the controlling legal issue in this case was whether Mr. Nichols was required to use his turn signal when leaving a private driveway upon entering a public roadway**."

16

(2 RR 87-89; emphasis added).

On September 1, 2014, trial counsel responded by email stating that he did not agree with the updated affidavit, and specifically he disagreed that he had missed the issue. (2 RR 83). In addition, he attached to his correspondence a "slightly modified" affidavit, insisting this affidavit was his final statement. (2 RR 68).

The September 1, 2014 "slightly modified" affidavit is identical to the July 21st[3] affidavit (2 RR 87), with the exception that he used a different font and identified the legal issue as the following:

> "I researched the case law as to the legality of Mr. Nichols' traffic stop and felt it was a bad stop because my interpretation of the relevant case law was that **he was not required to use his turn signal when leaving a private driveway upon entering a public roadway**"

(2 RR 72-73; Exhibit 23)(emphasis added).

During the writ hearing, however, trial counsel admitted that the first time he identified the correct legal issue in this case was only after Undersigned counsel provided it to him in the affidavit not admitted in evidence of July 21, 2014. (2 RR 90). Notably, the legal basis provided trial counsel final affidavit signed, September 1, 2014, uses the identical language provided to him in the prior affidavit he refused to sign. (2 RR 73).

---

[3] This affidavit was not admitted into evidence, was unsigned by trial counsel, and dated July 21, 2014.

Although trial counsel testified that he discussed the potential to file a motion to suppress, (2 RR 50), his notes and affidavits make clear that he identified and researched the wrong legal issue in this case based on the following information:

- Handwritten notes in his file identifying the issue as whether a turn signal was required 100 feet before an intersection. (2 RR 36; Exhibit 7).

- Case law contained in his file regarding whether a turn signal was required 100 feet from an intersection. (2 RR 35; Exhibit 7).

- The July 8, 2014 affidavit *sent* to trial counsel memorializing a conversation where he identified the legal issue as whether a turn signal was required 100 feet from an intersection. (2 RR 76; Exhibit 18).

- The July 8, 2014 affidavit *signed* by trial counsel identifying the issue as whether a turn signal was required 100 feet from an intersection. (2 RR 81; Exhibit 19).

### B. Appellant's Plea of Guilty

Trial counsel testified during the writ hearing that he knew that Appellant had no prior criminal history and was going to college or intended to go to college. (1 RR 79). He testified he never discussed deferred adjudication with Appellant and that it was a "judgment call", (1 RR 80-81), based on the fact that Appellant "was young and could mess up on

18

probation"[4] (1 RR 81). Trial counsel testified that he ultimately told Appellant to take a deal based on the legal research he conducted. (1 RR 92). Specifically trial counsel said:

> "And based on my research and what I was seeing and my interpretation of what was out there, I advised him that I believed it was in his best interest to accept a Class C [misdemeanor]."

(1 RR 51).

## ARGUMENT AND AUTHORITIES

### A. Standard of Review: Ineffective Assistance of Counsel

Appellant was entitled to the reasonably effective assistance of counsel under the Sixth Amendment to the United States Constitution and Art. I, §9 of the Texas Constitution. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Under the standard in *Strickland v. Washington*, 466 U.S. 668, 698 (1984), a defendant seeking relief as a result of counsel's conduct must first show by a preponderance of the evidence that counsel's performance was deficient and then demonstrate that this deficient performance prejudiced the defense. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). Deficient performance is conduct by a lawyer that goes beyond the bounds of prevailing, objective professional standards.

---

[4] Trial counsel admitted at the writ hearing that he never discussed probation with Appellant. (1 RR 18). In addition, there is no evidence in trial counsel's file or the writ hearing that would indicate Appellant would have been unsuccessful on probation.

19

*Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). For an error on counsel's part to reach this level, there must be a reasonable probability, a probability sufficient to undermine confidence in the outcome of the trial, that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991). The defendant must only prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). The Supreme Court has held that a defendant need not show that counsel's deficient performance more likely than not altered the outcome in the case:

> The result of a proceeding can be rendered unreliable, and hence, the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome…
>
> In every case the court should be concerned with whether … the result of the proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Id*. at 694-96.

The Supreme Court has held that counsel's performance is measured against an "objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. at 688, "under prevailing professional norms." *Id.* "Prevailing norms of practice as reflected in the American Bar Association standards and the like … are guides to what is reasonable." *Wiggins v. Smith*, 539 U.S.

20

510, 527 (2003); see also *Rompilla v. Beard*, 545 U.S. 374, 387 (2005)("[W]e have long referred [to these ABA Standards] as guides to determining what is reasonable."); 1 ABA STANDARDS OF CRIMINAL JUSTICE, The Defense Function, Sec. 4-4.1, ("Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.")(emphasis added).

While the adequacy of trial counsel's performance must be gauged by the totality of the representation afforded the accused, "[S]omtimes a single error is so substantial that it alone causes the attorney's assistance to fall below the Sixth Amendment standard." *Nero v. Blackburn*, 597 F.2d 991, 994 (5th Cir. 1979). As the First Court of Appeals has written:

> To ignore a grievous error simply because it is single, while granting relief where multiple errors cumulatively reach the same magnitude, would be contrary to the reasons that caused the creation of the doctrine of ineffective assistance of counsel.

*Cooper v. State*, 769 S.W.2d 301, 305 (Tex. App. – Houston [1st Dist.] 1989, pet. ref'd); see also *Ex parte Felton*, 815 S.W.2d 733, 736 (Tex. Crim. App. 1991)(single error was of sufficient magnitude to render trial counsel's performance ineffective).

An attorney must have a firm command of the facts of the case as well as the governing law before he can render reasonably effective assistance of

counsel. *Ex parte Lilly*, 656 S.W.2d 490, 493 (Tex. Crim. App. 1983). Counsel's assertion that his challenged conduct was the result of a trial strategy does not of itself negate a claim of ineffective assistance of counsel because, "It may not be argued that a given course of conduct was within the realm of trial strategy *unless and until the trial attorney has conduct the necessary legal and factual investigation which would enable him to make an informed rational decision*." *Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990) (emphasis added). An appellate court's core concern in deciding whether counsel exercised "reasonable professional judgment" is not whether counsel's professed tactical decision was reasonable but whether the investigation supporting counsel's decision *was itself reasonable*. A strategy informed by an incorrect understanding of controlling case law or where counsel conducts no investigation into the facts or the law, that an otherwise reasonable prudent attorney would have investigated, cannot be an objectively reasonable trial strategy. *Id.,* (unreasonable strategy not to object to inadmissible hearsay in pen packets where counsel thought material could be introduced "in a more damaging manner").

## B. Standard of Review: Involuntary Guilty Pleas

The test for determining the voluntariness of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985), *quoting North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When a defendant enters his plea of guilty upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Id., quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the Court held that a defendant who enters a plea of guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice of counsel was not within the standards set forth in *McMann*." A defendant must show that but for counsel's unreasonable advice, there is a reasonable probability he would not have pleaded guilty, *i.e.*, the prejudice prong of *Strickland. Hill v. Lockhart*, 474 U.S. at 56-57.

If counsel conveys erroneous or incomplete information of a sufficient magnitude to the defendant, a guilty plea based on that information is

involuntary[5]. *Ex parte Moody,* 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). A guilty plea will not support a conviction where it is motivated by significantly misleading or incomplete advice conveyed by counsel, and a guilty plea based thereon is involuntary. *Cardenas v. State*, 960 S.W.2d 941, 943 (Tex. App. – Texarkana 1998, pet. ref'd).

### C. Trial Court Determination Are Not Entitled to Deference if Unsupported By The Record

Appellant contends that the trial court erred in denying his habeas relief from a judgment of conviction of the misdemeanor offense of possession of drug paraphernalia on the ground that his trial counsel was ineffective.

Appellant must only prove facts that entitle him to relief by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). Although the trial court's factual findings based on credibility determinations are entitled to almost total deference, its legal conclusions are not. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). This Court reviews the facts in the light most favorable to the trial

---

[5] The ABA Standards mandate, *inter alia*, that defense counsel must "after appropriate investigation…advise the defendant of the alternatives available and address considerations deemed important by… the defendant in reaching a decision. **See ABA Standard 14-3.2** *Responsibilities of defense counsel-Guilty Pleas.*

courts determination *only* if the record supports them. *Id*. *Miller v. State*, 393 S.W.3d 255 (Tex.Crim.App.2012).

Because trial counsel's claimed strategic decisions are entitled to deference only if they are the product of *informed* decisions, this Court's "principle concern" is not whether trial counsel's challenged conduct was strategic, "but rather whether the investigation supporting [his] decision…*was itself reasonable. Strickland* does not establish that a cursory investigation automatically justifies a tactical decision." *Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003)(emphasis added). Counsels "decision cannot be fairly characterized as 'strategic' unless it is a conscious choice between two legitimate and rational alternatives. It must be borne of deliberation and not happenstance, inattention, or neglect." *Id* at 526-527.

Trial counsel's claim that his challenged conduct was "strategic" is also not the end of the inquiry. "It may not be argued that a given course of conduct was within the realm of trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which would enable him to make an informed rational decision." *Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990); *Melton v. State*, 987 S.W.2d 72, 77 (Tex. App. – Dallas 1998, no pet.)(counsel's failure to fully investigate facts of case before advising defendant to plea guilty was

25

deficient conduct). Because there is a "crucial distinction between strategic judgments and plain omissions," *Lloyd v. Whitley*, 977 F.2d 149, 158 (5th Cir. 1992), courts are "not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of Counsel when it appears on the face of the record that Counsel made no strategic decision at all". *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999). A sound trial strategy is one formed by a reasonable investigation of the facts and the controlling case law. See *Robertson v. State*, 187 S.W.3d 475, 484 (Tex. Crim. App. 2006).

Trial counsel challenged conduct is evaluated from his perspective at the time of the plea. *Strickland v. Washington*, 466 U.S. 689 ("A fair assessment of attorney performance requires that every effort be made to reconstruct the circumstances of counsel's challenged conduct, *and to evaluate the conduct from counsel's perspective at the time*." (emphasis added). Accordingly, this Court may not recreate a strategy asserted by trial counsel by engaging in "a *post-hoc* rationalization of [his] conduct in lieu of relying on "an accurate description of [his] deliberations." 539 U.S. 510, 526-27 (2003); *Kimmleman v. Morrison*, 477 U.S. 365, 385 (1986) ("The justification [counsel] offered from his omission betray a startling ignorance of the law-or a weak attempt to shift blame from inadequate preparation.");

26

*See also Griffin v. Warden*, 970 F.2d 1355, 1358 (4th Cir. 1992)("Courts should not conjure up tactical decisions an attorney could have made, but plainly did not."); *Duncan v. Ornoski*, 528 F.3d 1222, 1237 (9th Cir. 2008) ("In light of the Supreme Court's admonition that reviewing courts may not substitute their own strategic reasoning for that of trial counsel in order to find the counsel's performance was justified, we do not consider additional speculative justification…).

### D. Counsel's Performance Was Objectively Deficient

Trial counsel had a constitutional duty to present "available evidence and arguments" to support Appellant's only defense. *Jackson v. State*, 857 S.W.2d 678, 683 (Tex. App.-Houston [14th Dist.] 1993, pet. ref'd). He was obligated to conduct a reasonable investigation in an effort to present the most persuasive case that he could. This duty encompasses presenting evidence to demonstrate Appellant's innocence, undermine the prosecutions case, or raise a reasonable doubt of guilt. See *Ex parte Amezquita*, 223 S.W.3d 363, 368 (Tex. Crim. App. 2006).

### 1. Counsel's Failure to Advise Appellant That The Detention That Yielded Contraband Was Constitutionally Flawed Was Objectively Deficient Conduct

Based on the facts as recounted in the offense report, trial counsel should have recognized that:

- Officer Madrid's initial stop was based on Appellant's failure to use a turn signal when exiting the Food Town parking lot headed southbound onto Reid Road and not as he approached the intersection of FM 518 and Reid Road.

- Based on the plain language of the statute and well-established case law, Officer Madrid's detention of Appellant's vehicle was unlawful because Appellant was not required to signal when exiting a private parking lot and entering a public highway.

Trial counsel's failure to investigate the relevant case law and discuss the merits of a motion to suppress with Appellant, as well as advise him of the chances on any motion to suppress, could not have been the result of any reasoned trial strategy because his failure was not informed by a reasonable investigation and therefore was objectively deficient conduct. See *Boyington v. State*, 738 S.W.2d 704, 708 (Tex. App. – Houston [1st Dist.] 1985, no pet.) (counsel's failure to file motion to suppress that was fruit of illegal arrest was objectively deficient performance); *Melton v. State*, 987 S.W.2d 72, 77 (Tex. App. – Dallas 1998, no pet.) (counsel's failure to fully investigate facts of case before advising defendant to plea guilty was deficient conduct).

**2. Illegal Detention: Appellant Did Not Commit a Traffic Offense**

The Fourth Amendment to the United States Constitution, as well as Art. I, § 9 of the Texas Constitution, and Art. 38.23 of the Code of Criminal

Procedure[6] make illegal all unreasonable searches and seizures. "Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *Gonzalez v. State*, 369 S.W.3d 851, 854 (Tex.Crim.App. 2012). One such exception is embodied in *Terry v. Ohio*, 392 U.S. 1, 30 (1968), allowing an investigating officer to detain a person temporarily upon a showing of reasonable suspicion that he is involved in criminal activity, including a traffic offense. The decision to stop a vehicle is reasonable when the officer has reasonable suspicion or probable cause to believe a traffic violation has occurred. *Whren v. U.S.,* 517 U.S. 806, 812 (1996). Although an officer's observations alone can be sufficient to establish the traffic offense, the officer must be clear on the elements of the law that constitute the offense and it must be a violation of the law. "An officer's suspicion of an alleged traffic violation, however, cannot be based on a mistaken understanding of traffic laws." *Goudeau v. State*, 209 S.W.3d 713, 716 (Tex. App. – Houston [14th Dist.] 2006); see also *United States v. Lopez-Valdez,* 178 F.3d 282, 289 (5th Cir. 1999).

---

[6] "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case."

An officer must have probable cause to arrest the driver for a traffic violation without a warrant. *State v. Ballman,* 157 S.W.3d 65 (Tex. App. – Fort Worth, pet. ref'd); see also *Ballard v. State*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Probable cause exists when the facts and circumstances within the officer's knowledge at that time would cause a reasonably prudent officer to believe that a certain person has committed or is committing a crime. *Id.* When an officer observes a traffic offense, he may arrest the violator. "Here, however, [Officer Madrid] did not observe a traffic offense; he only thought he had." *Citing State v. Ballman*, 157 S.W.3d at 70.

Viewed through this prism of legal authority, it is clear that Officer Madrid's detention of Appellant was not justified because no traffic offense occurred when Appellant failed to signal his turn when exiting the Food Town parking lot onto a public highway. The offense report shows that while monitoring traffic, Officer Madrid predicated his stop upon observing Appellant's vehicle,

> "…exit the Food Town parking lot southbound onto Reid Road without signaling. I then followed the vehicle southbound through the intersection of FM 518 and Reid Road before stopping the vehicle at the Exxon Gas station at 7218 Broadway." (1 CR 45).

There is nothing about these facts that would lead a reasonable officer to believe that a traffic offense had been committed based on the plain language of the Texas Transportation Code.

30

Section 545.104 of the Texas Transportation Code provides that an operator is required to use a turn signal to indicate an intention to turn, change lanes, or start from a parked position when a vehicle is being operated on a highway. Further, a "highway" is defined as "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicle traffic." *Id*., see also §541.302(5).

Relying on the language of the statute, case law makes clear that failing to signal a turn when exiting a private parking lot onto a public highway is not a traffic offense, and therefore could not justify Officer Madrid's stop of Appellant's vehicle. *State v. Ballman*, 157 S.W.3d at 70, (defendant's failure to signal from private parking lot did not establish probable cause warranting traffic stop).

As an initial matter Appellant contends trial counsel failed to recognize the correct legal issue in this case. Trial counsel had three cases in his file that provided his legal research before advising Appellant to plead guilty. Two of those cases were *State v. Kidd*, 2010 WL 5463893 (Tex. App.—Austin Dec. 30, 2010, no pet.) and *Reha v. State*, 99 S.W. 3d 373 (Tex.App.-Corpus Christi 2003, no pet.), which dealt with whether a turn signal was required one hundred feet from an intersection. (1 RR 77). The third case *Zeno v. State,* 862 S.W.2d 165 (Tex. App.—Houston [1st Dist.]

1993, pet. ref'd), analyzed a search incident to arrest. (1 RR 77). Not one case contained in trial counsel's file indicated he researched or identified the correct legal issue[7].

Trial counsel also erroneously relied on a Pearland Municipal Ordinance, believing that it would validate the stop. When asked at the writ hearing whether he thought the Pearland Municipal Ordinance did validate the stop of Appellant's vehicle, trial counsel said, "Yes, I did". (1 RR 59). When questioned about whether the Transportation Code supersedes the municipal ordinance, trial counsel said he, "[n]ever researched that issue" (1 RR 59), and "I don't really agree with that. But okay." (1 RR 60).

In spite of trial counsel's belief, case law makes clear that a municipal ordinance cannot supersede the Transportation Code. *State v. Patterson*, 291 S.W.3d 121, 124 (Tex. App.-Amarillo 2009, no pet.) ("To the extent *Patterson* suggests that Amarillo's ordinance superseded § 552.006, he is mistaken. Our legislature declared that a 'local authority may not enact or enforce an ordinance or rule that conflicts with' subtitle C of title 7 of the Transportation Code 'unless expressly authorized by' that same subtitle. TEX. TRANSP. CODE ANN. § 542.201 (Vernon 1999)". Since trial counsel

---

[7] Trial counsel verified that his file did not contain *State v. Ballman* (1 RR 62) and admitted that there was nowhere in his file that shows he researched Texas Transportation Code §542.001 (vehicles entering a highway from a private drive), or that he relied on Texas Transportation Code §542.201 to decide which code would supersede the other. (1 RR 62).

failed to adequately investigate the case law impacting this meritorious issue, his advice that Appellant plea guilty pursuant to the State's plea agreement was objectively deficient. (1 RR 81).

### 3. A Motion to Suppress: Had One Been Filed it Would Have Been Successful

As the Supreme Court of the United States recently held, "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic [legal] research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 S. Ct. 1081 (2014). So too, even if trial counsel had investigated relevant case law, he did not advise Appellant of the legal issues raised by Officer Madrid's report or the likelihood of success had Appellant filed a motion to suppress[8]. Because the case law in this area was readily available at the time of Appellant's guilty plea and because trial counsel failed to conduct a reasonable legal investigation or advise Appellant of the only meritorious issue raised by evidence prior to entering a plea of guilty, his conduct was objectively unreasonable. *Melton v. State*, 987 S.W.2d 72, 77 (Tex. App. – Dallas 1998, no pet.)(counsel's failure to fully investigate facts of case before advising defendant to plea guilty was deficient conduct).

---

[8] Trial counsel admitted during the writ hearing that he does not even remember advising Appellant of the possibility of filing a motion to suppress ("I believe I did. I don't know why we wouldn't have, but I don't recall specifically"). (1 RR 51).

Because the detention that formed the basis for the search of Appellant's vehicle was constitutionally flawed, counsel's failure to determine there were meritorious grounds to suppress the marijuana was objectively deficient conduct that could not have been the product of a reasoned trial strategy. See *Boyington v. State*, 738 S.W.2d at 708 (counsel's failure to file motion to suppress that was fruit of illegal arrest was objectively deficient performance); *Melton v. State*, 987 S.W.2d at 77 (counsel's failure to fully investigate facts of case before advising defendant to plea guilty was deficient conduct).

### *E. Prejudice*

Appellant is a layman and not versed in Texas or United States search and seizure law. His guilty plea was induced by counsel's advice to accept the State's plea bargain based on a substantially unreasonable investigation of the facts and law. At the writ hearing, Appellant stated he would not have accepted the State's plea offer if he had known there was a meritorious search issue in his case. (1 RR 42). Moreover, Appellant said he relied on Trial counsel's advice in deciding to plead guilty to a misdemeanor drug charge. (1 RR 42). Trial counsel's advice was inadequate and incomplete in that he did not advise Appellant that Officer Madrid's detention and subsequent search yielding contraband forming the basis of his arrest and

34

guilty plea was illegal and violated the Fourth Amendment, Art. I. § 9, and Art. 38.23(a). It is well settled that this incomplete and misleading advice was not within the range of competence for a criminal attorney. *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999); *Flowers v. State*, 951 S.W.2d 883, 885 (Tex. App. – San Antonio 1997, no pet.); *Tallant v. State*, 866 S.W.2d 642, 643 (Tex. App. – Tyler 1993, no pet.). Because counsel's failure to advise Appellant that the detention yielding the contraband, which formed the basis of his arrest and guilty plea, was illegal and violated state and federal constitutional and statutory prohibitions was not a "strategic" decision made after a full investigation of the law and facts, his performance was objectively deficient.

Prejudice is shown in this case because Appellant can demonstrate by a preponderance of the evidence that, but for counsel's objectively deficient performance, there was a reasonable probability that Appellant would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. at 59. Appellant was entitled to rely upon counsel to conduct an independent examination of the facts and the law, including any meritorious suppression issues, and then offer his informed opinion as to what plea should be entered. *McMann v. Richardson*, 397 U.S. at 769-770. Because Appellant has shown that he would not have pleaded guilty had he known that he had a meritorious basis to exclude the

35

marijuana which formed the basis of his arrest and plea, he has demonstrated that his guilty plea was unknowingly and involuntarily entered. *Ex Parte Wolfe*, 296 S.W.3d 160 (Tex. App.- Houston [14th Dist.] 2009, pet. ref'd); Ex *parte Moussazadeh*, 361 S.W.3d 684, 692 (Tex. Crim. App 2012) (guilty plea was involuntarily entered where defendant would not have pleaded guilty but for counsel's incorrect advice concerning parole eligibility). *Rios v. State*, 377 S.W.3d at 137 (guilty plea was involuntary where defendant would not have pleaded guilty but for counsel's failure to discover that technician who maintained breath-testing machine had falsified calibration records).

## *F. Conclusion*

This case presents, in compelling terms, a breakdown in the adversarial system of justice. The sole legal issue in Appellant's drug case was never identified, researched or litigated even though the controlling statutes and case law make clear that the ultimate detention and search of Appellant's vehicle was constitutionally flawed. Trial counsel failed to identify the issue, research the relevant case law, present it to the prosecutor or advise Appellant prior to encouraging him to plead guilty. Because Appellant relied on the inadequate or misleading advise of trial counsel, his plea was involuntary, in that it was not knowingly and voluntarily entered

36

because it does not "represent a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985), *quoting North Carolina v. Alford*, 400 U.S. 25, 31 (1970). For all these reasons, Appellant asks this Court to sustain these claims and reverse the trial courts ruling denying habeas corpus relief.

## CONCLUSION AND PRAYER

Appellant prays that this Honorable Court reverse the trial court's order denying habeas corpus relief and remand for a new trial.

**RESPECTFULLY SUBMITTED**,

*/s/ Carmen Roe*

_____
**CARMEN ROE**
TBN: 24048772
440 LOUISIANA, SUITE 900
HOUSTON, TEXAS 77002
713.236.7755
713.236.7756 FAX
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

Pursuant to TEX.R.APP.P. 9.5(d), this appeal was served upon opposing counsel by electronic-filing system of same on September 18, 2015.

*/s/ Carmen Roe*

_____

**CARMEN ROE**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 6,898 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Carmen Roe*

_____

**CARMEN ROE**